■ TRUSTCO BANK NEW YORK, Respondent, v MYRON J. COHN, Appellant. [625 NYS2d 736] —Spain, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered April 29, 1994 in Schenectady County, which, *inter alia,* granted plaintiff's motion for summary judgment and dismissed defendant's counterclaims, and (2) from the judgment entered thereon.

Defendant, a practicing attorney, purchased real property located in the City of Schenectady, Schenectady County, on June 2, 1983. Defendant assumed an indebtedness secured by a mortgage upon the subject property held by plaintiff's predecessor in interest, Schenectady Trust Company. Soon thereafter, defendant, *pro se* and as counsel to others, commenced an action against the City challenging the constitutionality of the imposition of a parking assessment tax on certain properties in downtown Schenectady including the subject property. In November 1991, after being notified by the City of an unpaid parking assessment against the property, plaintiff paid the tax. Plaintiff's payment was without protest and without defendant's consent. Plaintiff then sought reimbursement from defendant for the tax paid which defendant refused; defendant informed plaintiff of his constitutional challenge to the imposition of the parking assessment. After a period of negotiation, defendant paid plaintiff an amount he believed sufficient to pay off the mortgage loan in full. However, after plaintiff applied the payment first to interest, then to taxes and assessments (including reimbursement to plaintiff for its payment of the disputed assessment) and then to principal, it calculated that a balance of about $2,000 remained unpaid. Plaintiff commenced this action to collect the balance due.

Defendant denied the obligation and counterclaimed alleging, *inter alia,* that plaintiff failed to properly credit interest to one of defendant's bank accounts, an issue which also had been in dispute between the parties. Plaintiff had investigated defendant's allegation of nonpayment of interest and admitted that it had failed to credit interest in defendant's account for a period of approximately 10 months in 1989. However, the parties could not agree on the amount of interest owed. In

June 1992 plaintiff, having acknowledged its error, calculated the interest due. Plaintiff's attorney forwarded to defendant a check payable to him in the sum of $2,276.03 together with copies of his bank statements covering the period of time at issue, as well as a general release and a cover letter instructing defendant to hold the check in escrow until plaintiff's receipt of the signed release; the letter also stated that if defendant chose not to sign the release, defendant was expected to return the check. Defendant has acknowledged receipt of the check. As of the date of the submission of this appeal defendant continues to retain possession of the check; he has not negotiated the check nor has he returned it. Plaintiff moved for summary judgment and dismissal of defendant's counterclaims. Supreme Court granted plaintiff's motion for summary judgment and dismissed the counterclaims. Defendant appeals.

As to its claim for reimbursement plaintiff has demonstrated its entitlement to summary judgment against the defendant as a matter of law. Plaintiff's payment of the tax was authorized by the terms of the note and mortgage. Furthermore, defendant has admitted failing to pay a charge incurred by the plaintiff according to the terms of the note and mortgage (see, Zuckerman v City of New York, 49 NY2d 557). Defendant's response fails to establish the existence of any triable issues of fact. Plaintiff properly paid a charge against the real estate to protect its security interest and is entitled to reimbursement.

However, as to defendant's first and second counterclaims relating to interest he claims is due on his account from 1989, we reverse their dismissal and reinstate them. The defense of accord and satisfaction raised by the plaintiff was not pleaded as an affirmative defense as required (see, Conboy, McKay, Bachman & Kendall v Armstrong, 110 AD2d 1042; Young v Zwack, Inc., 98 AD2d 913, 914; 19 NY Jur 2d, Compromise, Accord, and Release, § 26, at 333-334; see also, CPLR 3018 [b]).

Finally, defendant's brief on appeal reveals that he has abandoned his appeal with respect to Supreme Court's dismissal of his third, fourth and fifth counterclaims, and we therefore do not address them.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion dismissing defendant's first and second counterclaims; motion denied to that extent; and, as so modified, affirmed.