■ BIAS LIMUD TORAH, INC., Respondent, v COUNTY OF SULLIVAN et al., Appellants. [736 NYS2d 523] —Crew III, J. Appeals (1) from an order of the Supreme Court (Ledina, J.), entered October 30, 2000 in Sullivan County, which, inter alia, partially granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered March 21, 2001 in Sullivan County, which, upon reconsideration, inter alia, vacated a portion of the court's prior order.

Plaintiff, a duly organized religious corporation, owns certain real estate in the Town of Bethel, Sullivan County. Such property has been fully exempt from real property taxes since its acquisition by plaintiff in 1975, with the exception of 1987 and

1988, when plaintiff's exemption was removed by reason of its failure to file a renewal application. As a result, during that two-year period, plaintiff received tax bills from defendants. Plaintiff did not pay the taxes until it received notices of a pending tax sale warning that the properties were to be sold unless the taxes were paid in full before a specified date. After receipt of such notices, and shortly prior to the expiration of the time for payment contained therein, plaintiff paid the taxes in full.

Plaintiff thereafter commenced this action against defendants seeking to recover moneys had and received. Following joinder of issue, plaintiff moved for summary judgment and defendants cross-moved for summary judgment dismissing the complaint. Although Supreme Court granted plaintiff's motion as to defendant County of Sullivan and defendant Town of Bethel, it granted defendant Liberty Central School District's cross motion and dismissed the action against it on the ground that plaintiff's claim was time barred under Education Law § 3813 (2-b). Plaintiff thereafter moved for leave to reargue its motion for summary judgment as to the School District, and the County moved, on behalf of itself and the Town, for leave to reargue its cross motion. Supreme Court granted plaintiff leave to reargue and, upon reargument, vacated its order granting summary judgment in favor of the School District. Supreme Court then granted summary judgment in favor of plaintiff against all defendants and ordered that reimbursement to plaintiff be charged exclusively to the County. The County and Town appeal from each of Supreme Court's orders, while the School District appeals from Supreme Court's order vacating summary judgment in its favor.

Initially, we reject the contention of the County and Town that plaintiff's remedy is limited to a challenge to the tax assessment and that its claims are therefore time barred. It is well established that an action for moneys had and received is available to a taxpayer seeking to recover taxes paid pursuant to a wrongful assessment and is governed by a six-year statute of limitations (*see, Matter of First Natl. City Bank v City of New York Fin. Admin.*, 36 NY2d 87, 93).

Next, defendants claim that inasmuch as plaintiff failed to register a formal protest at the time of paying the taxes in question, such payments are not recoverable. We disagree. It is now well established that, in order for a taxpayer to recover moneys for taxes wrongfully assessed, it must be established that payment was made involuntarily, which is most easily accomplished by expressly protesting at the time of payment (*see,*

*Mercury Mach. Importing Corp. v City of New York*, 3 NY2d 418, 425). However, absence of a formal protest will not preclude reimbursement of taxes wrongfully assessed if the taxpayer can demonstrate that payment was made under the pressure of duress (*see, City of Rochester v Chiarella*, 58 NY2d 316, 323, *cert denied sub nom. Quality Packaging Supply Corp. v City of Rochester*, 464 US 828), which has been defined to exist where "immediate possession of [property] is threatened by nonpayment of the money exacted" (*Mercury Mach. Importing Corp. v City of New York, supra* at 425).

In our view, this record reveals that plaintiff indeed made its tax payments under the pressure of duress. Here, the County indicated its intention to initiate enforcement proceedings to compel payment unless plaintiff paid by a date certain, and on each occasion plaintiff ultimately paid the taxes shortly before the date stipulated in the notices of tax sale. In our view, the County's threat to enforce the remedy available to it to compel payment and plaintiff's payment in response thereto constituted sufficient evidence of payment under duress (*compare, City of Rochester v Chiarella, supra* at 324). Accordingly, Supreme Court's determination in that regard should be affirmed.

We come to a different conclusion, however, with regard to Supreme Court's determination that the School District is not entitled to the protections of Education Law § 3813 (2-b). On that point, we note only that plaintiff elected to include the School District as a party defendant and, as such, cannot now deprive the School District of availing itself of whatever defenses are available to it, including the one-year statute of limitations contained in Education Law § 3813 (2-b). Accordingly, that portion of Supreme Court's order vacating its prior grant of summary judgment to the School District must be reversed.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order entered October 30, 2000 is affirmed, without costs. Ordered that the order entered March 21, 2001 is modified, on the law, without costs, by reversing so much thereof as vacated that part of a prior order granting summary judgment to defendant Liberty Central School District, and, as so modified, affirmed.