■ COMMUNITY HEALTH PLAN, Appellant, v PAUL J. BURCK-ARD, as Director of the Sullivan County Real Property Tax Service Agency, et al., Respondents. [770 NYS2d 485]—

Spain, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered November 25, 2002 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel a refund of certain real property taxes paid by petitioner.

Petitioner, a non-for-profit health service corporation licensed in New York, commenced this CPLR article 78 proceeding seeking refunds of real property taxes paid on a parcel of property which it owns in the Town of Liberty, Sullivan County. Pursuant to RPTL 556, petitioner filed applications with the Sullivan County Real Property Tax Service Agency for refunds of the taxes which it paid in 1998, 1999 and 2000, claiming that the property is wholly exempt from taxation pursuant to RPTL 486 and Insurance Law § 4310 (j).

By statute, the refund applications required "a statement by the assessor . . . substantiating that the assessor or assessors have obtained proof that the parcel which is the subject of the application should have been granted tax exempt status" (RPTL 556 [2] [c]). And, "the failure to include such statement shall render the application null and void and shall bar the tax levying body from directing a refund . . . of taxes" (RPTL 556 [2] [c]). It is undisputed that petitioner's applications did not include the necessary assessor's statement and, as a result, no

determination was ever rendered in connection with the applications. Thus, rather than the review of any adverse determination, petitioner seeks mandamus relief to compel (1) respondent Kathy A. Sprague, the assessor, to issue the statement indicating that petitioner is entitled to a tax exemption, (2) respondent Paul J. Burckard, Director of the Sullivan County Real Property Tax Service Agency, to recommend that the refunds requested by petitioner be made, and (3) a refund by the applicable municipal and school tax levying bodies for all real property taxes paid on the property in 1998, 1999 and 2000.

We affirm, concluding that petitioner has failed to demonstrate entitlement to any of the relief which it seeks. Petitioner failed to request the necessary statement from Sprague prior to filing the applications and alleges that Sprague thereafter refused to submit the statements directly to Burckard after the applications were filed. Even assuming that petitioner's applications could be revived posthumously by any action by Sprague, the record demonstrates that Sprague's refusal to act must have occurred over four months prior to the commencement of this proceeding, rendering petitioner's claim in this regard untimely (*see* CPLR 217 [1]).*

Further, as indicated above, petitioner's failure to include the assessor's statement with its applications automatically rendered the applications void and Burckard powerless to issue recommendations with respect to the requested refunds. Accordingly, petitioner's demand for an order compelling Burckard to issue recommendations on its applications must be denied. Likewise, without a valid application or recommendation from Burckard, any demand for a refund would be premature (*see* RPTL 556 [5]). In any event, we fully agree with Supreme Court that because petitioner did not demonstrate that it paid the taxes involuntarily, i.e., under protest or duress, it would not be entitled to the requested refunds even if its applications had been proper (*see Video Aid v Town of Wallkill,* 85 NY2d 663, 666-667 [1995]; *Bias Limud Torah v County of Sullivan,* 290 AD2d 856, 857-858 [2002], *lv denied* 98 NY2d 610 [2002], *amended* 305 AD2d 972 [2003]).

Petitioner's remaining contentions have been examined and are without merit.

Crew III, J.P., Peters and Rose, JJ., concur. Kane, J., not taking part. Ordered that the judgment is affirmed, with one bill of costs.

---

* Petitioner incorrectly relies on the three-year statute of limitations applicable to bringing the application under RPTL 556, rather than the four-month limitations period for challenging the actions of administrative agencies and their agents.