■ PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, v NORTH STATE AUTOBAHN, INC., Doing Business as NORTH STATE CUSTOM AUTO, et al., Respondents. [896 NYS2d 137]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Smith, J.), dated January 12, 2009, which, upon the granting of the defendants' motion pursuant to CPLR 4401 to dismiss the complaint, made at the close of the plaintiff's evidence, is in favor of the defendants and against it, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and a new trial is granted.

The defendants established their prima facie entitlement to judgment as a matter of law (*see Sitar v Sitar,* 61 AD3d 739, 741 [2009]; *cf. Smith v Ameriquest Mtge. Co.,* 60 AD3d 1037, 1039 [2009]). In opposition, however, the plaintiff demonstrated that there were triable issues of fact, inter alia, regarding whether the defendants had charged for repairs not performed, for parts not installed, for unnecessary repairs, and for excess

labor charges (*see Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194 [1968]). Accordingly, the Supreme Court correctly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.

The Supreme Court did not improvidently exercise its discretion in denying that branch of the defendants' motion which was, in the alternative, to direct that this action be tried jointly with an action entitled *North State Autobahn v Progressive Ins. Group,* pending in the Supreme Court, Westchester County, under index No. 02761/07. Inasmuch as the two actions did not involve common questions of law or fact (*see* CPLR 602 [a]), a joint trial was not warranted (*see Beerman v Morhaim,* 17 AD3d 302, 303 [2005]).

At the close of the plaintiff's case, which arises out of the defendants' repair of a motor vehicle owned by the plaintiff's insured, the defendants moved for judgment as a matter of law on the ground that the plaintiff had failed to establish a prima facie case (*see* CPLR 4401). The Supreme Court granted the motion on a ground not argued by the defendants, namely, that the plaintiff's payment of the full amount of the final bill for the repair of the vehicle without asserting that the payment was, in some manner, "under protest," barred the plaintiff's claims under the doctrine of accord and satisfaction (*see Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590, 596 [1984]; UCC 1-207). In granting the motion on that ground, the Supreme Court erred in two respects. First, accord and satisfaction is an affirmative defense which must be pleaded and proved (*see* CPLR 3018 [b]; *Conboy, McKay, Bachman & Kendall v Armstrong,* 110 AD2d 1042 [1985]; *see also Arias-Paulino v Academy Bus Tours, Inc.,* 48 AD3d 350 [2008]; *Dec v Auburn Enlarged School Dist.,* 249 AD2d 907, 908 [1998]). The defendants did not plead accord and satisfaction as an affirmative defense, and it was improper for the Supreme Court to raise it sua sponte (*see Trustco Bank N.Y. v Cohn,* 215 AD2d 840, 841 [1995]; *cf. Rienzi v Rienzi,* 23 AD3d 450 [2005]). Second, the doctrine of accord and satisfaction is not applicable because it contemplates full knowledge of the facts on the part of both parties who, in effect, enter into a new contract to expeditiously settle a contract dispute (*see Horn Waterproofing Corp. v Bushwick Iron & Steel Co.,* 66 NY2d 321, 325 [1985]). In this action, inter alia, to recover damages for fraud, the gravamen of the plaintiff's claim is that it was without such knowledge because of the defendants' alleged misrepresentation of material facts. Thus, a new trial is warranted.

We note that, upon retrial, the plaintiff should not be limited

to damages in the sum of $2,808.65, the amount of the allegedly fraudulent charges contained in the final bill of the defendant North State Autobahn, Inc., doing business as North State Custom Auto, but rather to the amount sought in the complaint.

The parties' remaining contentions are without merit. Fisher, J.P., Florio, Belen and Austin, JJ., concur.