■ In the Matter of RCN NEW YORK COMMUNICATIONS, LLC, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants. In the Matter of LEVEL 3 COMMUNICATIONS, LLC, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants. [943 NYS2d 480]—

Judgments, Supreme Court, New York County (Martin Shulman, J.), entered January 25, 2011, which, in these consolidated proceedings brought under RPTL article 7, ordered and adjudged the 2008-2009 tax assessments on the property at issue null and void, and which bring up for review, an order, same court and Justice, entered November 22, 2010, which granted petitioners' motions for summary judgment, unanimously affirmed, without costs. Appeals from the aforementioned order unanimously dismissed, without costs, as subsumed in the appeals from the judgments.

Petitioners are companies that provide fiber-optic telecommunications services and own the property at issue in these proceedings, which consist of fiber-optic lines, poles, wires, supports and enclosures that are located in the buildings of their customers. It is undisputed that petitioners' fiber-optic cables are electrical insulators which transmit light impulses and do not conduct electricity. Petitioners were assessed taxes on this property pursuant to RPTL 102 (12) (i) and their challenges of the assessments were denied by the City Tax Commission.

RPTL 102 (12) provides:

" 'Real property,' 'property' or 'land' mean and include: . . .

"(i) When owned by other than a telephone company as such term is defined in paragraph (d) hereof, all lines, wires, poles, supports and inclosures for electrical conductors upon, above and underground used in connection with the transmission or switching of electromagnetic voice, video and data signals between different entities separated by air, street or other public domain, except that such property shall not include: (A) station connections; (B) fire and surveillance alarm system property; (C) such property used in the transmission of news wire services; and (D) such property used in the transmission of news or entertainment radio, television or cable television signals for immediate, delayed or ultimate exhibition to the public, whether or not a fee is charged therefor."

The language of RPTL 102 (12) (i) is clear and its interpretation does not require reference to external sources. In unambiguous language, the statute defines assessable real property in pertinent part as "all lines, wires, poles, supports and inclosures" which are "for electrical conductors." Since the cables at issue are not "for electrical conductors" they cannot be assessed under this statute. "When the language of a statute is clear . . . the court should look no further than unambiguous words and need not delve into legislative history" (*Matter of Lloyd v Grella*, 83 NY2d 537, 545-546 [1994]). Further, where the statute at issue is a tax statute, it must be narrowly construed and "any doubts concerning its scope and application are to be resolved in favor of the taxpayer" (*Debevoise & Plimpton v New York State Dept. of Taxation & Fin.*, 80 NY2d 657, 661 [1993]).

Appellants' argument that fiber-optic cables transmit voice, video and data signals and that light is part of the electromagnetic spectrum ignores the preceding language in subdivision (12) (i) which limits the assessable property to wires and related property which are "for electrical conductors."

Although petitioners' fiber-optic cables which are located in the public streets and other public spaces are assessed taxes without objection from petitioners, such assessments are made pursuant to RPTL 102 (17), which clearly includes wires for conducting light. That section provides: " 'Special franchise' means the franchise, right, authority or permission to construct, maintain or operate in, under, above, upon or through any public street, highway, water or other public place mains, pipes, tanks, conduits, wires or transformers, with their appurtenances, for conducting water, steam, *light*, power, electricity, gas or other substance. For purposes of assessment and taxation a special franchise shall include the value of the tangible property situated in, under, above, upon or through any public street, highway, water or other public place in connection therewith" (emphasis added).

Even assuming that examination of the legislative history was necessary for this clear and unambiguous statute, the history does not support appellants' claim that the statute permits the disputed assessments. The legislative history, including the 1985 reports by the Tax Commission and the State Board of Equalization and Assessment, reveals that the Legislature was aware of fiber-optic technology and that fiber-optic cables transmit light and do not conduct electricity. Yet, the Legislature chose to limit assessments under RPTL 102 (12) (i) to wires and other related property "for electrical conductors."

We have considered appellants' remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.