■ TOWN OF DELHI, Appellant, v ERNIE TELIAN, Respondent, et al., Defendant. [988 NYS2d 505]—

Devine, J. Appeal from an order of the Supreme Court (Lambert, J.), entered October 8, 2013 in Delaware County, which sua sponte dismissed the complaint.

In 2011, plaintiff's code enforcement officer became aware that property owned and/or occupied by defendants in the Town of Delhi, Delaware County had a number of structures on it for which building permits and/or certificates of occupancy had not been issued. Following, among other things, plaintiff's attempts to have the property brought into compliance, it commenced this action in March 2012 seeking injunctive relief and civil penalties against defendants.

In June 2013, plaintiff moved for, among other things, summary judgment against defendant Ernie Telian (hereinafter defendant) on its second cause of action seeking $142,600 in civil penalties for the period of noncompliance from January 12, 2012 through August 8, 2012; defendant opposed the motion. Concluding that plaintiff lacked capacity to sue, Supreme Court sua sponte dismissed the complaint. Plaintiff now appeals and we reverse.

"The issue of lack of capacity to sue does not go to the jurisdiction of the court . . . . Rather, lack of capacity to sue is a ground for dismissal which must be raised by [pre-answer] motion [or in the answer] and is otherwise waived" (*City of New York v State of New York*, 86 NY2d 286, 292 [1995]; *see* CPLR 3211 [a] [3]; [e]; *Matter of Tomarken v State of New York*, 100 AD3d 1072, 1074 [2012]; *Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 280 [2006], *appeal dismissed* 8 NY3d 837 [2007]). Here, plaintiff's capacity to sue was not raised by pre-answer motion or in defendant's answer. Consequently, Supreme Court erred in raising the issue sua sponte and dismissing the complaint on that basis (*see* CPLR 3211 [e]). As such, the order must be reversed and the complaint reinstated. Further, inasmuch as defendant can no longer raise the issue of plaintiff's capacity to sue in this action, plaintiff's arguments regarding its capacity have been rendered academic, and we decline to address them.

In light of our conclusion, we remit this matter to Supreme Court for consideration of plaintiff's motion for partial summary judgment.

Peters, P.J., Rose, Egan Jr. and Lynch, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.