================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 221
Trump Village Section 3, Inc.,
          Respondent,
        v.
City of New York, et al.,
          Appellants.

          Frances J. Henn, for appellants.
          Daniel A. Ross, for respondent.

ABDUS-SALAAM, J.:

          We are presented with the following question: Does a
taxable transfer pursuant to Tax Law § 1201 (b) and section 11-
201 (a) of the Administrative Code of the City of New York occur
when a residential housing cooperative corporation terminates its
participation in the Mitchell-Lama program and amends its

- 1 -

certificate of incorporation as part of its voluntary dissolution and reconstitution as a cooperative corporation governed by the Business Corporation Law?  We agree with the Appellate Division that no taxable event occurs.

                                I.

        Plaintiff, Trump Village Section 3, Inc. (Trump Village) was incorporated in August 1961 as a Mitchell-Lama cooperative housing corporation pursuant to the Limited-Profit Housing Companies Law (Private Housing Finance Law art II [PHFL]).  Trump Village owns a residential co-op complex consisting of three 23-story buildings, with 1,674 residential apartments, located in Coney Island, Brooklyn.  Plaintiff remained in the Mitchell-Lama program beyond the requisite 20 years (PHFL § 35 [2]).  In 2007, by vote of its shareholders, and with the permission of the State of New York, Trump Village terminated its participation in the Mitchell-Lama program, and, pursuant to PHFL § 35 (3), "reconstituted" itself as a corporation under the Business Corporation Law by amending its certificate of incorporation.

        In August 2010, the New York City Department of Finance (the Department) issued a Notice of Determination to Trump Village of a tax deficiency in the sum of $21,149,592.50, which included interest and a penalty.  The Department took the position that because Trump Village was now a private cooperative corporation that had amended its certificate of incorporation and terminated its participation in the Mitchell-Lama program by

reconstitution, it had engaged in a transaction that qualified "as a conveyance of the underlying real property." According to the Department, Trump Village was thus required to pay a real property transfer tax (hereinafter RPTT) pursuant to Tax Law § 1201 (b) and section 11-2102 (a) of the Administrative Code of the City of New York.

Plaintiff commenced this action seeking, among other things, a declaratory judgment that the RPTT is inapplicable because the tax applies only to transfers and conveyances of real property or economic interests in real property, from one entity to another, and not to plaintiff's exit from the Mitchell-Lama program as a result of a "reconstitution." The Supreme Court agreed with defendants and issued a declaratory judgment that the conversion from a Mitchell-Lama cooperative housing corporation to a cooperative housing corporation under the Business Corporation Law constitutes a conveyance which is subject to the RPTT. The Appellate Division reversed, granted that branch of plaintiff's motion which was for summary judgment declaring that the RPTT tax was improperly imposed and remitted to Supreme Court (109 AD3d 899, 906 [2013]). The Appellate Division granted leave and certified the question as to whether its order was properly made. We now affirm and answer the certified question in the affirmative.

II.

Section 11-2102 (a) of the Administrative Code of the City of New York provides that an RPTT is imposed "on each deed

at the time of delivery by a grantor to a grantee . . ."  A deed is defined in section 11-2101 (2) as "[a]ny document or writing (other than a will), regardless of where made, executed or delivered, whereby any real property or interest therein is created, vested, granted, bargained, sold, transferred, assigned or otherwise conveyed, including any such document or writing whereby any leasehold interest in real property is granted, assigned or surrendered."

In support of their position that the privatization of Trump Village is a taxable event, defendants argue that an amendment to a certificate of incorporation is a "deed." Defendants also assert that Trump Village is a new corporation and that there was actually a conveyance of real property to a different corporation, with Trump Village being both the grantor and grantee.  However, defendants' construction of the RPTT cannot be reconciled with the plain language of the statute. Furthermore, even if there were any ambiguities regarding the application of the RPTT to this situation, "doubts concerning [a taxing statute's] scope and application are to be resolved in favor of the taxpayer"(Debevoise & Plimpton v NYS Dept. of Taxation and Fin., 80 NY2d 657, 661 [1993]).  Thus, we reject defendants' strained interpretation of section 11-2102(a) of the Administrative Code of the City of New York.

We first address defendants' argument that Trump Village became an entirely new corporation.  While defendants assert that a new corporation must have been formed because Trump

Village had to "dissolve" under the PHFL before "reconstituting" as a corporation no longer governed by the restrictions of the PHFL, the corporation in the amended certificate of incorporation, Trump Village Section 3, Inc., is the same corporation that was named in the original certificate of incorporation.  The Business Corporation Law distinguishes between amending a certificate of incorporation (§ 801 *et seq*.) and formation of a corporation (§ 401 *et seq*.). Section 801 (14) provides that a certificate of incorporation may be amended "to strike out, change or add any provision . . . relating to the business of the corporation, its affairs, its right or powers . . . ."

Plaintiff filed a "Certificate of Amendment under Section 805 of the Business Corporation Law."  The original certificate of incorporation contained the preamble: "We, the undersigned, for the purpose of forming a corporation pursuant to Article XII of the Public Housing Law of the State of New York." The Amendment modified this language to read: "We, the undersigned, for the purpose of forming a corporation pursuant to the Business Corporation Law . . . ."  The change in the prefatory language did not "form" a new corporation, but instead deleted the reference to the PHFL, which no longer governed any aspect of the corporation or its shareholders.  The Amendment also stated that the original "Certificate of Incorporation was filed in the office of the Secretary of State on August 29, 1961"

and listed the date of each prior amendment.  Thus, Trump Village remains the same corporation, with changes, that it was in 1961.

The PHFL provides that a Mitchell-Lama corporation "may be voluntarily dissolved" and "[t]hat upon dissolution, title to the project may be conveyed in fee to the owner or owners of its capital stock or to any corporation designated by it or them for that purpose, or the company may be reconstituted pursuant to appropriate laws relating to the formation and conduct of corporations"(PHFL § 35 [3][emphasis added]).  Accordingly, there are two options for the process of privatization, and plaintiff chose the second option - - reconstitution through amendment of its certificate of incorporation.[1]  Defendants posit that the legislature intended the word "reconstitute" to mean the same thing as "reincorporate."  However, as long ago as 1857, it was recognized that reincorporation "cannot be deemed the formation of a new corporation, but should be regarded as the continuation of the existing one"(The Consolidated Kansas City Smelting and Refining Co. v The Secretary of State, 13 App Div 50 [3d Dept 1857]; see also 15 Fletcher Cyc. Corp. § 7204 ["In a sense, [a

---

[1]The record includes a July 20, 2005 letter to plaintiff's counsel from the New York State Division of Housing and Community Renewal.  The letter, which apparently contains a typographical error in the subject line (listing the property as Trump Village Section 4, Inc. rather than Trump Village Section 3, Inc.), states, among other things: "The Division has not taken the position that the housing company could only privatize by dissolving and conveying title to another corporation.  The Division agrees that, as a procedural matter, privatization can take place by reconstituting the company through the amending of its certificate of incorporation."

reincorporation] is merely an amendment of the charter; there is no new corporation, and the company is the same as before the reincorporation"]).

Regarding defendants' argument that the amendment so radically altered the business of Trump Village that it must have become a new corporation, we note that the RPTT does not tax changes in the business or purpose of the corporation owning real property, but taxes conveyances of property or an interest therein.  Similarly, while defendants argue that the Trump Village shareholders have realized a tremendous increase in the value of their apartments without paying an RPTT, the RPTT is not imposed simply because the value of property has increased.  And, as pointed out by plaintiff, the RPTT is and will continue to be collected on the full value of the shares of each apartment that is sold.

Defendants also maintain that there was a deed in this case, asserting that the Certificate of Amendment is a deed because it is a writing that conveys real property rights or interests.  But the Certificate of Amendment does not do that.  There is absolutely no indication that the Amendment was meant to be a document of conveyance.  The Appellate Division correctly held that there is "no support in either case law or the record for the City defendants' interpretation of the law" (109 AD3d at 905).

Defendants further point to the "mere change in form of ownership" exemption of section 11-2106 (8) of the Administrative

Code of the City of New York, reasoning that because the exemption does not apply to a conveyance to a cooperative housing corporation, but does apply to a transfer to a Mitchell-Lama cooperative, the legislature must have intended to tax all privatizations of Mitchell-Lama cooperatives.  However, as the Appellate Division recognized, the exemption only applies where there has been a conveyance in the first place, and thus, because there was no conveyance, the exemptions and the exceptions to those exemptions are not relevant.

Finally, defendants' reliance on this Court's decision in East Midtown Plaza Housing Co. v Cuomo (20 NY3d 161 [2012]) is misplaced.  At issue in East Midtown was whether a privatization by means of an amendment to a certificate of incorporation was subject to the disclosure requirements under the Martin Act.  The decision addressed the impact of privatization on shareholders and focused on the rights of the shareholders, and the substantial changes in the nature of their interests.  It lends no support for defendants' imposition of an RPTT where there has been a Mitchell-Lama privatization.

Therefore, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, and certified question answered in the affirmative.  Opinion by Judge Abdus-Salaam.  Chief Judge Lippman and Judges Read, Smith, Pigott and Rivera concur.

Decided December 17, 2014