*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    519801
_____

In the Matter of LEVEL 3
    COMMUNICATIONS, LLC,
                    Appellant,

        v                                MEMORANDUM AND ORDER

ESSEX COUNTY,
                    Respondent,
                    et al.,
                    Respondents.
_____

Calendar Date:  April 20, 2015

Before:  Lahtinen, J.P., Rose, Devine and Clark, JJ.

_____

        Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York
City (John G. Nicolich of counsel), for appellant.

        Daniel T. Manning, County Attorney, Elizabethtown, for
Essex County, respondent.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Buchanan, J.),
entered June 23, 2014 in Essex County, which, among other things,
partially dismissed petitioner's application, in a combined
proceeding pursuant to CPLR article 78 and action for declaratory
judgment, to, among other things, compel a refund of certain real
property taxes paid by petitioner.

        In June 2013, petitioner, a telecommunications company that
owns fiber optic cable installations located within the
jurisdiction of Essex County, filed applications pursuant to RPTL
556-b seeking, among other things, refunds of real property taxes

paid on said installations located upon private rights-of-way for the years 2010, 2011 and 2012. Petitioner claimed that the taxes were wrongfully assessed because the installations are not taxable as real property (see Matter of RCN N.Y. Communications, LLC v Tax Commn. of the City of N.Y., 95 AD3d 456, 457 [2012], lv denied 20 NY3d 855 [2012]). After petitioner's applications were not granted, it commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, refunds of real property taxes. As relevant to this appeal, Supreme Court held that petitioner was precluded from recovering the refunds that it sought on the grounds that recovery was time-barred and petitioner had paid the taxes voluntarily. Petitioner appeals, and we affirm.

Initially, we note that, unless subject matter jurisdiction is implicated, a court should not raise an issue sua sponte when a party is prejudiced by its inability to respond (see Matter of Dental Socy. of State of N.Y. v Carey, 92 AD2d 263, 264 [1983], affd 61 NY2d 330 [1984]). Here, because respondent Essex County failed to raise the statute of limitations as an affirmative defense in a pre-answer motion to dismiss or in its answer (see CPLR 3211 [a] [5]; [e]; 7804 [f]), it was improper for Supreme Court to raise it sua sponte (see CPLR 3018 [b]; Progressive Northeastern Ins. Co. v North State Autobahn, Inc., 71 AD3d 657, 658 [2010]). Inasmuch as petitioner was prejudiced by its inability to respond, we cannot sustain Supreme Court's partial denial of the petition on such ground (see Town of Delhi v Telian, 119 AD3d 1049, 1050 [2014]; Matter of Isabella v Hotaling, 207 AD2d 648, 649 [1994], lv denied 84 NY2d 801 [1994]).

Nevertheless, we find no reason to disturb Supreme Court's partial denial of the petition on the ground that petitioner failed to demonstrate that it paid the taxes involuntarily. To recover payments made under a mistake of law, as in the present case (see Matter of RCN N.Y. Communications, LLC v Tax Commn. of the City of N.Y., 95 AD3d at 457), a taxpayer is required to show that the payments were made involuntarily (see City of Rochester v Chiarella, 58 NY2d 316, 323 [1983], cert denied sub nom. Quality Packaging Supply Corp. v City of Rochester, 464 US 828 [1983]; Community Health Plan v Burckard, 3 AD3d 724, 725 [2004];

<u>Bias Limud Torah v County of Sullivan</u>, 290 AD2d 856, 857-858 [2002], <u>lv denied</u> 98 NY2d 610 [2002], <u>amended</u> 305 AD2d 972 [2003]).[1]  This requirement ensures that governmental entities have notice that they may need to provide for tax refunds (<u>see</u> <u>Video Aid Corp. v Town of Wallkill</u>, 85 NY2d 663, 667 [1995]; <u>Matter of Tennessee Gas Pipeline Co. v Town of Chatham Bd. of Assessors</u>, 239 AD2d 831, 833 [1997]).  Here, petitioner fully paid all of the relevant taxes and offered no proof that it did so under protest or that such payments were otherwise involuntary (<u>see</u> <u>Matter of Walton v New York State Dept. of Correctional Servs.</u>, 57 AD3d 1180, 1183-1184 [2008], <u>affd</u> 13 NY3d 475 [2009]; <u>compare</u> <u>Bias Limud Torah v County of Sullivan</u>, 290 AD2d at 858).  Indeed, petitioner did nothing to indicate that its payments were involuntary until nearly 18 months after the final contested tax bill was paid, when petitioner submitted its RPTL 556-b correction applications.[2]  Accordingly, Supreme Court's partial denial of the petition is affirmed.

Petitioner's remaining arguments have been considered and we find them unavailing.

Lahtinen, J.P., Rose and Devine, JJ., concur.

---

[1]  We note that petitioner's argument that RPTL 556 is a "statutory procedure authorizing recovery" to which the voluntary payment doctrine does not apply is unavailing insofar as RPTL 556 does not provide an affirmative right to recover taxes without protest (<u>Mercury Mach. Importing Corp. v City of New York</u>, 3 NY2d 418, 430 [1957]; <u>see e.g.</u> <u>City of Rochester v Chiarella</u>, 65 NY2d 92, 98 [1985]; <u>City of Rochester v Chiarella</u>, 98 AD2d 8, 9, 12 [1983], <u>affd</u> 63 NY2d 857 [1984]).

[2]  It should be noted that petitioner incorrectly used RPTL 556-b to apply for the relief that it seeks.  Specifically, petitioner alleges an unlawful entry as defined by RPTL 550 (7) (c), which is not a type of unlawful entry that can be redressed by an RPTL 556-b application (<u>see</u> RPTL 550 [7]; 556-b [1]).  The Court, nonetheless, would come to the same conclusion even if petitioner had filed the proper form.

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court