*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016                    522214
_____

In the Matter of LEVEL 3
    COMMUNICATIONS, LLC,
                        Appellant,

        v

CLINTON COUNTY et al.,                          OPINION AND ORDER
                    Respondents,
        and

VILLAGE OF ROUSES POINT
    et al.,
                    Respondents.
_____

Calendar Date:   September 6, 2016

Before:   Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

                        _____


        Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York
City (John G. Nicolich of counsel), for appellant.

        Stafford, Owens, Piller, Murnane, Kelleher & Trombley,
PLLC, Plattsburgh (Brendan P. Owens of counsel), for Village of
Rouses Point and others, respondents.


                        _____


Peters, P.J.

        Appeal from a judgment of the Supreme Court (Ellis, J.),
entered February 27, 2015 in Clinton County, which, in a combined
proceeding pursuant to CPLR article 78 and action for declaratory
judgment, among other things, partially granted respondents'
motions to dismiss the petition/complaint.

Petitioner, a telecommunications company, owns fiber optic installations located on private rights-of-way at various locations within Clinton County. In May 2013, following a decision of the First Department ruling that petitioner's fiber optic installations are not taxable real property under RPTL 102 (12) (i) (Matter of RCN N.Y. Communications, LLC v Tax Commn. of the City of N.Y., 95 AD3d 456 [2012], lv denied 20 NY3d 855 [2012]), petitioner filed applications pursuant to RPTL 556-b with seven tax-assessing entities within the County seeking refunds of real property taxes paid on such installations for the years 2010-2012 and removal of the subject properties from the tax rolls. When the applications were not granted, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, a refund of real property taxes paid during the relevant years and a declaration that its fiber optic installations are not taxable real property under the RPTL. Supreme Court partially dismissed the petition/complaint, concluding that petitioner's fiber optic installations are taxable real property under RPTL 102 (12) (f) and that, in any event, petitioner was precluded from recovering the requested refunds on the ground that it had paid the taxes voluntarily. Petitioner appeals.

We first address petitioner's application for a judgment declaring that its fiber optic installations are not taxable real property under the RPTL. Resolution of this issue turns upon the construction of RPTL 102 (12) (f),[1] which provides that real property shall include, among other things, "equipment for the distribution of heat, light, power, gases and liquids." The parties agree that the fiber optic cables at issue consist of filaments of glass through which light beams are used to transport information and data from one point to another. Yet

_____

[1]  Supreme Court, relying on Matter of RCN N.Y. Communications, LLC v Tax Commn. of the City of N.Y. (95 AD3d 456 [2012], supra), ruled that petitioner's fiber optic installations do not constitute real property under RPTL 102 (12) (i), and none of the respondents argue otherwise on this appeal as an alternative ground for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]).

they sharply disagree as to whether this constitutes the "distribution" of light within the meaning of RPTL 102 (12) (f). For the reasons that follow, we hold that it does not.

It is fundamental that, "[i]n matters of statutory interpretation, our primary consideration is to discern and give effect to the Legislature's intention" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120 [2012]; see Beck Chevrolet Co., Inc. v General Motors LLC, 27 NY3d 379, 389-390 [2016]). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; accord Matter of Shannon, 25 NY3d 345, 351 [2015]). Moreover, "[w]hen the particular statute is one which levies a tax, it is well established that it must be narrowly construed and that any doubts concerning its scope and application are to be resolved in favor of the taxpayer" (Debevoise & Plimpton v New York State Dept. of Taxation & Fin., 80 NY2d 657, 661 [1993]; see Trump Vil. Section 3, Inc. v City of New York, 24 NY3d 451, 456 [2014]; Matter of Bloomingdale Bros. v Chu, 70 NY2d 218, 223 [1987]).

Notably, the RPTL does not define the term "distribution." Thus, in the absence of a controlling statutory definition, we "construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary definitions as useful guideposts in determining the meaning of a word or phrase" (Yaniveth R. v LTD Realty Co., 27 NY3d 186, 192 [2016] [internal quotation marks and citation omitted]; see McKinney's Cons Laws of NY, Book 1, Statutes § 232 at 392-393; People v Finley, 10 NY3d 647, 654 [2008]). "Distribute" is commonly defined as "to divide among several or many," "to spread out so as to cover something" and "to give out or deliver especially to members of a group" (Merriam—Webster Online Dictionary, http://www.merriam-webster.com/dictionary/distribute). Here, petitioner's fiber optic cables do not "distribute" light within these commonly understood meanings of the term. Rather, the light signals transmitted over the fiber optic cables terminate in an optical receiver, which reads the light, decodes the signals and sends electric signals to other

sources such as computers, televisions and telephones. Thus, while the fiber optic cables at issue undeniably transmit light signals from one end of the network to the other, such transmission does not result in the "distribution" of light, but rather data.

In ruling otherwise, Supreme Court reasoned that there is no meaningful distinction between the words "transmit" and "distribute" as those words are commonly defined and applied to the telecommunications industry. Yet, the commonly understood meaning of the word "distribute" incorporates concepts of apportionment, allocation or spreading that are absent from the commonly understood meaning of the word "transmit" – which plainly embraces the function to which the fiber optic cables are put vis-à-vis the light signals.[2] Moreover, Supreme Court's interpretation fails to take into account the fact that the terms "distribution" and "transmission" are independently used in separate subdivisions of RPTL 102 (12) (compare RPTL 102 [12] [f] [defining real property to include "equipment for the distribution of heat, light power gases and liquids"], with RPTL 102 [12] [i] [defining real property to include certain "lines, wires, poles, supports and inclosures for electrical conductors . . . used in connection with the transmission or switching of electromagnetic voice, video and data signals"]).[3] Where "the

_____

[2] "Transmit" is commonly defined as to "cause (as light or force) to pass or be conveyed through space or a medium" (Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/transmit).

[3] Indeed, the Legislature regularly enacts legislation that uses both the words "distribution" and "transmission" in the same sentence, phrase or subdivision – a circumstance lending additional support to our conclusion that a distinction between the terms was intended here (see e.g. RPTL 1801 [c] [referring to certain property "used in the generation, storage, transmission, distribution or sale of gas, electricity, steam, water, refrigeration, cable television, telephone or telegraph service"]; Tax Law § 186-a [2] [c] [repeatedly referring to the "transmission or distribution" of gas or electricity]; Public

Legislature uses different terms in various parts of a statute, courts may reasonably infer that different concepts are intended" (Rangolan v County of Nassau, 96 NY2d 42, 47 [2001]; see McKinney's Cons Laws of NY, Book 1, Statutes § 236 at 403; Orens v Novello, 99 NY2d 180, 187 [2002]; People v Brancoccio, 83 NY2d 638, 642 [1994]). To attribute the same meaning to "distribution" and "transmission" would render one of these terms superfluous, an outcome that is to be avoided (see Matter of Springer v Board of Educ. of the City Sch. Dist. of the City of N.Y., 27 NY3d 102, 107 [2016]; Nostrom v A.W. Chesterton Co., 15 NY3d 502, 508 [2010]; Majewski v Broadalbin-Perth Cent. Sch. Dist., 91 NY2d at 587). We therefore treat the Legislature's distinct use of those terms as evincing a separate meaning for each. Construing RPTL 102 (12) (f) narrowly and resolving any doubt as to its scope in favor of petitioner (see Trump Vil. Section 3, Inc. v City of New York, 24 NY3d at 456; Debevoise & Plimpton v New York State Dep't of Taxation & Finance, 80 NY2d at 661), we conclude that the fiber optic cables at issue do not constitute equipment for the "distribution . . . of light" within the meaning of the statute.

Our holding is also supported by the "well-established rule of statutory construction . . . that a prior general statute yields to a later specific or special statute" (Matter of Dutchess County Dept. of Social Servs. v Day, 96 NY2d 149, 153 [2001] [internal quotation marks and citation omitted]; see Matter of Brusco v Braun, 84 NY2d 674, 681 [1994]). "[W]here the Legislature enacts a specific provision directed at a particular class, and a more general provision in the same statute which might appear to encompass that class, the specific provision will be applied" (Matter of Robert Bruce McLane Assoc. v Urbach, 232 AD2d 826, 828 [1996] [internal quotation marks and citation omitted]; see McKinney's Cons Laws of NY, Book 1, Statutes § 238 at 406; Matter of Rayshawn P., 103 AD3d 31, 41-42 [2012]; New York State Crime Victims Bd. v T.J.M. Prods., 265 AD2d 38, 46 [2000]; Matter of Jeremy VV., 202 AD2d 738, 739 [1994]). RPTL 102 (12) (f) — the provision at issue here — was enacted in 1958

Service Law §§ 5 [1] [c]; 44 [5]; Rural Electric Cooperative Law § 14 [d], [g]).

in connection with the recodification of various tax statutes (see L 1958, ch 959). Nearly three decades later, the Legislature enacted RPTL 102 (12) (i) for the specific purpose of addressing real property taxation of telecommunications equipment (see L 1985, ch 71, § 3). As the First Department noted in finding that petitioner's fiber optic cables do not constitute taxable real property under RPTL 102 (12) (i), "[t]he legislative history, including the 1985 reports by the Tax Commission and the State Board of Equalization and Assessment, reveals that the Legislature was aware of fiber-optic technology and that fiber-optic cables transmit light and do not conduct electricity. Yet, the Legislature chose to limit assessments under RPTL 102 (12) (i) to wires and other related property 'for electrical conductors'" (Matter of RCN N.Y. Communications, LLC v Tax Commn. of the City of N.Y., 95 AD3d at 457). Inasmuch as subdivision (i) of RPTL 102 (12) specifically addresses the taxability of property used for telecommunication services, that subdivision — not subdivision (f) of the statute — would control in the event of a conflict between the two provisions. For all of these reasons, we modify the judgment of Supreme Court and declare that petitioner's fiber optic installations are not real property taxable under RPTL 102 (12).

With respect to its refund applications, we find that petitioner failed to demonstrate its entitlement to such relief for the tax years under review. To obtain a refund of taxes paid under a mistake of law, "it is incumbent upon the taxpayer to establish appropriate legal protest prior to or at the time of payment as a prerequisite to recovery" (Corporate Prop. Invs. v Board of Assessors of County of Nassau, 153 AD2d 656, 660 [1989], affd 80 NY2d 961 [1992]; see City of Rochester v Chiarella, 58 NY2d 316, 323 [1983], cert denied sub nom. Quality Packaging Supply Corp. v City of Rochester, 464 US 828 [1983]; Regional Economic Community Action Program, Inc. v Enlarged City School Dist. of Middletown, 79 AD3d 723, 724 [2010], affd 18 NY3d 474 [2012]).[4] "This requirement ensures that governmental entities

---

[4] To the extent that petitioner argues that it was improper for Supreme Court to rely on the voluntary payment doctrine inasmuch as it was not cited by the tax levying bodies as a basis

have notice that they may need to provide for tax refunds" (<u>Matter of Level 3 Communications, LLC v Essex County</u>, 129 AD3d 1255, 1257 [2015] [citation omitted], <u>lv denied</u> 26 NY3d 907 [2015]; <u>see</u> <u>Video Aid Corp. v Town of Wallkill</u>, 85 NY2d 663, 667 [1995]).  Here, it is undisputed that petitioner paid all of the relevant taxes, and there is nothing in the record indicating that such payments were made under protest or were otherwise involuntary (<u>see</u> <u>Matter of Level 3 Communications, LLC v Essex County</u>, 129 AD3d at 1257; <u>Community Health Plan v Burckard</u>, 3 AD3d 724, 725 [2004]).  Accordingly, Supreme Court properly denied that portion of the petition which sought a refund of taxes paid.

Petitioner's remaining contentions have been reviewed and found to be without merit.

McCarthy, Lynch, Rose and Clark, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition/complaint seeking a declaratory judgment; it is declared that petitioner's fiber optic installations do not constitute taxable real property under RPTL 102 (12); and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

for denying the refund applications, we have previously reviewed and rejected this claim (<u>see</u> <u>Matter of Level 3 Communications, LLC v Essex County</u>, 129 AD3d 1255, 1257 [2015]).