# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1199**
**CA 16-00511**

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF LEVEL 3 COMMUNICATIONS, LLC,
PETITIONER-PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

CHAUTAUQUA COUNTY, CITY OF DUNKIRK, VILLAGE OF BROCTON, VILLAGE OF WESTFIELD, BROCTON CENTRAL SCHOOL DISTRICT, DUNKIRK CITY SCHOOL DISTRICT, FREDONIA CENTRAL SCHOOL DISTRICT, RIPLEY CENTRAL SCHOOL DISTRICT, AND WESTFIELD CENTRAL SCHOOL DISTRICT, RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP, NEW YORK CITY (JOHN G. NICOLICH OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.

HODGSON RUSS LLP, BUFFALO (MICHAEL B. RISMAN OF COUNSEL), AND STEPHEN M. ABDELLA, COUNTY ATTORNEY, MAYVILLE, FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Chautauqua County (Paul B. Wojtaszek, J.), entered October 2, 2015 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-plaintiff (petitioner) is a telecommunications company with fiber optic installations located in Chautauqua County and elsewhere throughout the State. In January 2014, petitioner filed applications pursuant to RPTL 556 seeking refunds from several tax-assessing entities located in Chautauqua County (hereafter, respondents) of taxes paid on fiber optic installations for the years 2010, 2011, and 2012. In August 2014 and February 2015, the Chautauqua County Real Property Tax Service Director issued reports to respondents recommending the denial of those applications.

In December 2014, petitioner commenced this hybrid CPLR article 78 proceeding and declaratory judgment action, seeking a declaration that its fiber optic installations are not taxable real property within the meaning of RPTL 102 (12), and mandamus to compel respondents to approve the refund applications and to refund taxes paid in 2010, 2011, and 2012. Over the next several months,

respondents adopted resolutions denying the refund applications on several grounds, including that petitioner's fiber optic installations are taxable real property under RPTL 102 (12) (f) and (i), and petitioner made its tax payments for those years voluntarily and without protest. Thereafter, respondents answered the petition-complaint (petition) and asserted various defenses and objections in point of law, including the aforesaid grounds upon which the applications were denied.

Supreme Court concluded that petitioner's fiber optic installations are taxable real property inasmuch as they constitute "equipment for the distribution of . . . light" under RPTL 102 (12) (f), and dismissed the petition by a judgment, from which petitioner now appeals.

As a preliminary matter, we note that this is properly only a CPLR article 78 proceeding inasmuch as the relief sought by petitioner, i.e., review of respondents' administrative determinations that the subject property constitutes taxable real property, is available under CPLR article 78 without the necessity of a declaration (*see Matter of Zen Ctr. of Syracuse, Inc. v Gamage*, 94 AD3d 1490, 1490; *see also Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.*, 62 NY2d 763, 765; *Matter of Potter v Town Bd. of Town of Aurora*, 60 AD3d 1333, 1334, *appeal dismissed* 12 NY3d 882, *lv denied* 13 NY3d 707; *Matter of Citizens Against Sprawl-Mart v City of Niagara Falls*, 35 AD3d 1190, 1191, *lv dismissed in part and denied in part* 9 NY3d 858).

We agree with petitioner that its fiber optic installations are not taxable under RPTL 102 (12) (f). Under RPTL 102 (12) (f), the definition of real property includes "[b]oilers, ventilating apparatus, elevators, plumbing, heating, lighting and power generating apparatus, shafting other than counter-shafting and equipment for the distribution of heat, light, power, gases and liquids." The issue turns on whether petitioner's fiber optic cables are "equipment for the distribution of . . . light," and particularly upon the definition of the word *distribution*. There is no dispute about what fiber optic cables are or how they work—they transmit light to a receiver that decodes the light into electronic signals, which are then sent to a television, computer, or other such device. The parties disagree whether that process constitutes the "distribution . . . of light" within the meaning of the statute.

" 'It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature' " (*Majewski v Broadalbin-Perth Cent. Sch. Dist.*, 91 NY2d 577, 583; *see Gawron v Town of Cheektowaga*, 117 AD3d 1410, 1412). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski*, 91 NY2d at 583; *see Gawron*, 117 AD3d at 1412). Where the interpretation of the statute turns on the definition of words not defined therein, "we construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary

definitions as useful guideposts in determining the meaning of a word or phrase” (*Yaniveth R. v LTD Realty Co.*, 27 NY3d 186, 192 [internal quotation marks omitted]; *see De La Cruz v Caddell Dry Dock & Repair Co., Inc.*, 21 NY3d 530, 537-538). Also pertinent are the “meanings of adjacent words” (*Matter of Kese Indus. v Roslyn Torah Found.*, 15 NY3d 485, 491), and the “circumstances surrounding the statute’s passage” (*Consedine v Portville Cent. Sch. Dist.*, 12 NY3d 286, 290; *see Matter of Albany Law Sch. v New York State Off. of Mental Retardation & Dev. Disabilities*, 19 NY3d 106, 122). Furthermore, a tax statute must be narrowly construed and “any doubts concerning its scope and application are to be resolved in favor of the taxpayer” (*Debevoise & Plimpton v New York State Dept. of Taxation & Fin.*, 80 NY2d 657, 661; *see Matter of RCN N.Y. Communications, LLC v Tax Commn. of the City of N.Y.*, 95 AD3d 456, 457, *lv denied* 20 NY3d 855).

The word *distribution* means “a spreading out or scattering over an area or throughout a space” or “delivery or conveyance (as of newspapers or goods) to the members of a group” (Webster’s Third New International Dictionary [2002]). Examples include “the distribution of the oil throughout the engine parts” and “the distribution of telephone directories to customers” (*id.*). In other words, distribution implies an “apportioning of something” more or less evenly, or as a due or right, to an “appropriate person or place” (*id.*; *see Matter of Level 3 Communications, LLC v Clinton County*, 144 AD3d 115, 118-119). Given the context in which the word *distribution* appears in RPTL 102 (12) (f), that definition makes sense. Undoubtedly, the kinds of equipment enumerated in the statute, such as boilers, plumbing, and lighting apparatus, distribute heat, liquids, and light to consumers. By contrast, although “the fiber optic cables at issue undeniably *transmit* light signals from one end of the network to the other, such transmission does not result in the ‘distribution’ of light, but rather data” (*Level 3 Communications, LLC*, 144 AD3d at 118). Thus, we cannot conclude that petitioner’s fiber optic installations distribute light “ ‘without resorting to an artificial or forced construction’ ” (*Feher Rubbish Removal, Inc. v New York State Dept. of Labor, Bur. of Pub. Works*, 28 AD3d 1, 4, *lv denied* 6 NY3d 711).

We nonetheless reject petitioner’s contention that the court erred in dismissing the petition for mandamus to compel respondents’ approval of petitioner’s refund applications. In a CPLR article 78 proceeding for mandamus to compel, the petitioner must establish “a clear legal right to the relief requested” (*Matter of Dietz v Bd. of Educ. of Rochester City School Dist.*, 98 AD3d 1251, 1252 [internal quotation marks omitted]). Under the common law rule, “ ‘it is incumbent upon the taxpayer to establish appropriate legal protest prior to or at the time of payment as a prerequisite to recovery’ ” of taxes paid under a mistake of law (*Level 3 Communications, LLC*, 144 AD3d at 120-121; *see Video Aid Corp. v Town of Wallkill*, 85 NY2d 663, 667; *cf. Matteawan On Main, Inc. v City of Beacon*, 109 AD3d 590, 591). Without express protest, “moneys remitted as taxes or fees are applied to authorized public expenditures, and financial provision is not made for refunds” (*Video Aid Corp.*, 85 NY2d at 667; *see 10 Lafayette Sq.*

*Holdings v City of Buffalo*, 108 Misc 2d 960, 961). Critically, petitioner filed its refund applications pursuant to RPTL 556, which “does not provide an affirmative right to recover taxes without protest” (*Matter of Level 3 Communications, LLC v Essex County*, 129 AD3d 1255, 1257 n 1, *lv denied* 26 NY3d 907, *rearg denied* 26 NY3d 1126; *cf. City of Rochester v Chiarella*, 98 AD2d 8, 9, *affd* 63 NY2d 857), and there is no dispute that petitioner made its tax payments voluntarily and without protest. We thus conclude that the court properly dismissed the petition.

Entered: March 24, 2017

Frances E. Cafarell
Clerk of the Court