Matter of Level 3 Communications, LLC v Chautauqua County (2019 NY Slip Op 05915)





Matter of Level 3 Communications, LLC v Chautauqua County


2019 NY Slip Op 05915


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


568 CA 18-01575

[*1]IN THE MATTER OF LEVEL 3 COMMUNICATIONS, LLC, PETITIONER-PLAINTIFF-APPELLANT,
v
CHAUTAUQUA COUNTY, CITY OF DUNKIRK, TOWN OF DUNKIRK, TOWN OF PORTLAND, TOWN OF RIPLEY, TOWN OF WESTFIELD, VILLAGE OF BROCTON, VILLAGE OF WESTFIELD, DUNKIRK CITY SCHOOL DISTRICT, BROCTON CENTRAL SCHOOL DISTRICT, FREDONIA CENTRAL SCHOOL DISTRICT, RIPLEY CENTRAL SCHOOL DISTRICT, AND WESTFIELD CENTRAL SCHOOL DISTRICT, RESPONDENTS-DEFENDANTS-RESPONDENTS, 






INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP, NEW YORK CITY (JOHN G. NICOLICH OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
HODGSON RUSS LLP, BUFFALO (MICHAEL B. RISMAN OF COUNSEL), AND STEPHEN M. ABDELLA, COUNTY ATTORNEY, MAYVILLE, FOR RESPONDENTS-DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (Joseph Gerace, J.H.O.), entered March 24, 2018 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment dismissed the amended petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul respondents-defendants' determinations that its fiber optic installations are taxable real property pursuant to RPTL 102 (12) (i). Petitioner appeals from a judgment dismissing its amended petition-complaint. We affirm. Initially, we note that this is properly only a CPLR article 78 proceeding, not a declaratory judgment action (see Matter of Level 3 Communications, LLC v Chautauqua County, 148 AD3d 1702, 1703 [4th Dept 2017], lv denied 30 NY3d 913 [2018]). Furthermore, petitioner correctly concedes that its fiber optic installations "are taxable as lines' under [RPTL 102 (12) (i)] despite the fact that they do not conduct electricity" (Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d 594, 608 [2018], rearg denied 32 NY3d 1197 [2019]). Petitioner nevertheless contends that those installations are exempt from taxation as "property used in the transmission of news or entertainment radio, television or cable television signals for immediate, delayed or ultimate exhibition to the public" (RPTL 102 [12] [i] [D]). We reject that contention. Petitioner failed to establish that its fiber optic installations are "primarily or exclusively used for one of the exempt purposes in RPTL 102 (12) (i) (A) - (D)" (Matter of Level 3 Communications, LLC v Erie County, — AD3d &mdash, — [July 31, 2019] [4th Dept 2019]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court