■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES SWIFT, Appellant.— Judgment of the Supreme Court, Kings County, rendered August 10, 1967 on resentence, affirmed. No opinion. Appeal from judgment of said court rendered November 30, 1966, dismissed. Said judgment was superseded by the judgment on resentence. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■  MARGARETHA VOGEL et al., Appellants, v. ARTHUR FISHBEIN, Respondent.— Appeal by plaintiffs from an order of the Supreme Court, Queens County, dated March 3, 1969, which, upon reconsideration, denied their application for a general preference. Order modified, on the law and the facts and in the exercise of discretion, by striking therefrom the provision denying a general preference and by substituting therefor a provision granting such preference. As so modified, order affirmed, with $10 costs and disbursements to appellants. In our opinion, the injuries sustained by plaintiff Vogel may arguably support a verdict in excess of the Civil Court jurisdiction of $10,000. Hence, she is entitled to a general preference (see Cobb v. Herbsman, 26 A D 2d 781). Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■  YOUNG ISRAEL OF FAR ROCKAWAY INC., Respondent, v. CITY OF NEW YORK, Appellant.— Appeal by defendant from so much of an order and judgment (one paper) of the Supreme Court, Queens County, dated March 7, 1969, as granted plaintiff's motion for summary judgment insofar as the motion was for cancellation of the 1965/66 real estate taxes on plaintiff's property. Order and judgment reversed insofar as appealed from, on the law, with $10 costs and disbursements; in accordance, all the decretal paragraphs of the order and judgment are struck out, except the second, which dismissed the second cause of action; appellant's cross motion for summary judgment on the first cause of action granted; and complaint dismissed. Plaintiff, a domestic religious corporation, brought this action to cancel real estate taxes which were assessed by defendant against premises conveyed to plaintiff on February 4, 1965. Two causes of action were pleaded, the first as to the 1965/66 taxes and the second as to the 1964/65 taxes. Since the closing of title did not occur until 10 days after the taxable status day of January 25 which is provided for by section 157 of the New York City Charter, the subject property was not owned by plaintiff, so far as the tax year 1965/66 is concerned, within the meaning of section 420 of the Real Property Tax Law. Accordingly, the property was not exempt from real estate taxation for that year. Brennan, Acting P. J., Hopkins, Benjamin and Martuscello, JJ., concur; Kleinfeld, J., not voting. [59 Misc 2d 4.]