[848 NE2d 460, 815 NYS2d 13]

In the Matter of CHARTER DEVELOPMENT COMPANY, L.L.C., Appellant, v CITY OF BUFFALO et al., Respondents.

Argued March 22, 2006; decided May 2, 2006

## POINTS OF COUNSEL

*Hinman Straub P.C.*, Albany (*James T. Potter* and *David W. Novak* of counsel), for appellant. The denial of petitioner's application for an exemption from taxation was contrary to the plain language of Education Law § 2853 (1) (d) and should be annulled. (*Matter of Voicestream Wireless Corp. v Assessor of City of Troy,* 2 Misc 3d 723; *Matter of Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Tompkins v Hunter,* 149 NY 117; *Matter of Health Ins. Plan of Greater N.Y. v Sullivan,* 57 NY2d 802; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588; *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 78 NY2d 194; *Matter of Smathers,* 309 NY 487; *Board of Educ., Hewlett-Woodmere Union Free School Dist. v Board of Assessors of County of Nassau,* 54 AD2d 978, 41 NY2d 805; *Matter of Congregation Machne Chaim v Kwak,* 3 AD3d 708; *Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y.,* 83 NY2d 240.)

*Michael B. Risman, Corporation Counsel,* Buffalo (*Alan P. Gerstman* of counsel), for respondents. I. A tax exemption can be created only by express and unambiguous language. Tax exemption statutes are read in favor of the taxing power. (*Matter of Mobil Oil Corp. v Finance Adm'r of City of N.Y.,* 58 NY2d 95; *Matter of Colt Indus. v New York City Dept. of Fin.,* 66 NY2d 466; *Matter of Grace v New York State Tax Commn.,* 37 NY2d 193; *Matter of D.S. Alamo Assoc. v Commissioner of Fin. of City of N.Y.,* 71 NY2d 340; *Matter of Pelham Masonic Historical Socy. of City Is. v Tax Commn. of City of N.Y.,* 266 AD2d 7; *Matter of Marble Masonic Historical Socy. v Tuckahoe Assessment Review Bd.,* 262 AD2d 487.) II. The plain language of the Education Law provides that charter schools shall have the same tax exemptions as those granted to public schools. (*Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669; *Bender v Jamaica Hosp.,* 40 NY2d 560.) III. Other public schools do not receive the tax exemption claimed by appellant. (*Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451.)

CIPARICK, J.

In 1998, the Legislature enacted the New York Charter Schools Act (L 1998, ch 4), codified in Education Law §§ 2850 to 2857, which authorized "a system of charter schools to provide [educational] opportunities for teachers, parents, and community members" (§ 2850 [2]). Education Law § 2853 (1) (d) provides in pertinent part that "[a] charter school shall be exempt to the same extent as other public schools from all taxation, fees, assessments or special ad valorem levies on its earnings and its property, including property leased by the charter school." Petitioner asserts that as the owner of real property leased to a charter school it is entitled to the exemption contained in the statute. We disagree.

In 2003, petitioner, Charter Development Company, L.L.C. (CDC), a for-profit Michigan company in the business of acquiring and developing sites for charter schools, acquired certain property in the City of Buffalo, developed it, and leased it to an affiliated corporation, which in turn subleased to Buffalo United Charter School. The sublease was for the period from July 1, 2003 to June 30, 2004 with a right of renewal for subsequent one-year terms, and required Buffalo United Charter School to pay an annual rent of $848,000 as well as "all taxes and special assessments . . . which shall be levied on or assessed against the Premises." In November 2003, petitioner sought tax exemptions on its real property.[1]

Pursuant to RPTL 420-a, CDC applied to the Assessor of the City of Buffalo for a real property tax exemption for the 2003-2004 tax year on the ground that its lease of the property to Buffalo United Charter School caused the property to be exempt from real property taxes in accordance with Education Law § 2853 (1) (d). The Assessor denied CDC's application for tax exemption relying upon a State Board of Real Property Services (SBRPS) opinion which held that since the Education Law equated a charter school's tax exempt status with that of a public school, and since neither the building nor the underlying land was owned by the school as required by Real Property Tax Law § 408, the premises leased by the charter school were not

---

1. Since the property was located in an Empire Zone, CDC was granted a tax exemption that had the effect of reducing the property's taxable assessment from approximately $1.7 million to $150,000 which corresponded to a reduction of property taxes to approximately $6,600 for the 2003-2004 tax year.

entitled to an exemption "solely on the basis of the lessee's status" (11 Ops Counsel SBRPS No. 37 [2002]).[2] CDC then sought review of the Assessor's determination by the Board of Assessment Review of the City of Buffalo which upheld the Assessor's determination.

Thereafter, CDC commenced this combined CPLR article 78 and Real Property Tax Law article 7 proceeding, seeking to annul the decision of the Assessor denying its application for an exemption for the 2003-2004 tax year and for a judgment declaring that the property leased by the charter school is exempt from real property taxes pursuant to Education Law § 2853 (1) (d). In response to the petition, the City of Buffalo and its Assessor and Board of Assessment Review (City) moved to dismiss the petition. In an oral opinion, Supreme Court held that the statute provides charter schools with the same tax exemptions as public schools in regard to property they own and leased improvements made thereon, citing to the same SBRPS opinion. Supreme Court, in considering the full text of the statute, dismissed the petition and held that the Legislature did not intend to afford greater tax exempt status to charter schools than that of public schools by exempting real property leased by charter schools from taxation. The Appellate Division affirmed, holding that the statute clearly entitles a charter school to only those tax exemptions given to public schools, and concluding that public schools are exempt on real property that they own, not on real property that they lease. We now affirm.

Initially, "[w]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 91 [2001]). Additionally, "all parts of an act are to be read and construed together to determine the legislative intent" (McKinney's Cons Laws of NY, Book 1, Statutes § 97).

---

2. RPTL 408 provides:

"Notwithstanding any limitation contained in section four hundred six of this chapter, *all real property owned by a school district* or board of cooperative educational services *and all improvements thereon leased by such a district* or board provided that such leased improvements are used for educational purposes and provided, further, that such lease provides that such district or board is liable for all taxation, special ad valorem levies and special assessments levied upon such improvements *shall be exempt from taxation* and exempt from special ad valorem levies and special assessments to the extent provided in section four hundred ninety of this chapter" (emphasis added).

Furthermore, in construing a tax exemption statute, the well-settled rule is that "[i]f ambiguity or uncertainty occurs, all doubt must be resolved against the exemption" (*People v Brooklyn Garden Apts.*, 283 NY 373, 380 [1940]). In *Matter of Mobil Oil Corp. v Finance Adm'r of City of N.Y.* (58 NY2d 95, 99 [1983]), we held that "[t]ax exclusions are never presumed or preferred and before [a] petitioner may have the benefit of them, the burden rests on it to establish that the item comes within the language of the exclusion." Moreover, a statute authorizing a tax exemption will be construed against the taxpayer unless the taxpayer identifies a provision of law plainly creating the exemption (*see People ex rel. Savings Bank of New London v Coleman*, 135 NY 231, 234 [1892]; *see also Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 196 [1975]). Thus, the taxpayer's interpretation of the statute must not simply be plausible, it must be "the only reasonable construction" (*Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.*, 83 NY2d 44, 49 [1993] [internal quotation marks and citation omitted]).

In determining whether CDC may take advantage of the tax exemption, it is first necessary to identify whom the Legislature intended to benefit from the tax exemption and determine whether the exemption may be applied to the property at issue. Education Law § 2853 (1) (d) contains a clear statement indicating that charter schools are the beneficiaries of the same tax exemptions afforded public schools. It is also clear that the next part of the sentence—"all taxation, fees, assessments or special ad valorem levies on its earnings and its property"—identifies the assets to which the exemption may be applied (Education Law § 2853 [1] [d]). The sentence concludes with the phrase—"including property leased by the charter school" (*id.*).

Giving a plain and logical meaning to the language of the statute, we conclude that "including property leased by the charter school" can neither be read in isolation from the words it modifies—"its property"—as CDC would have us read it, nor from the rest of the sentence, which states that a charter school is exempt from taxation to the same extent as other public schools.

CDC maintains that the plain language of the concluding phrase provides for a tax exemption regardless of whether the owner of the property is a charter school or a private feeholder. Interpreting the language of the statute as CDC would have us do results in a construction that does not give effect to the

other words in the statute. We thus conclude that Education Law § 2853 (1) (d) clearly indicates that the phrase "property leased by the charter school" simply further defines the type of property that would be exempt to the same extent as other public schools, and does not create a separate exemption for property owned by other than the charter school.

The same applies to property leased by a public (noncharter) school from a private landowner. It, too, would be subject to taxation as this exemption applies only to real property or buildings owned by a school district (*see* RPTL 408). The 1985 amendment to RPTL 408 which includes an additional exemption for "all improvements thereon leased by such a district" was limited to structures, e.g. portable classrooms, erected on property *owned* by the districts. There is nothing in the language of Education Law § 2853 (1) (d) to evince a legislative intent to create a separate and express exemption for property leased to charter schools other than the exemption already granted to other public schools by RPTL 408.

CDC has thus failed to sustain its burden of unequivocal entitlement to the exemption it seeks as it has not identified any provision in the Charter Schools Act plainly creating an exemption for private property leased to a charter school. Moreover, our interpretation provides charter schools with the same exemption status as accorded to public schools, and no more, as clearly contemplated by the Legislature.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.