■ In the Matter of AL-BER, INC., Doing Business as EL-BER ISLAMIC SCHOOL, Appellant, v NEW YORK CITY DEPARTMENT OF FINANCE et al., Respondents. [915 NYS2d 309]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Finance, Tax Commission of the City of New York, and the City of New York denying the petitioner's application for a real property tax exemption under RPTL 420-a for tax assessment years 2006 to 2008, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kelly, J.), entered November 10, 2009, as granted the respondents' cross motion to dismiss the petition pursuant to CPLR 3211 (a) (7) and 7804 (f), and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner is a New York not-for-profit organization that is exempt from federal taxation. It provides religious, charitable, and educational services to the Islamic community. In 2001, the petitioner entered into a 99-year ground lease with Clio Realty, the owner of real property located at 25-42 49th Street in Astoria (hereinafter the subject property), for the purpose of operating an Islamic school. The petitioner also entered into a purchase option contract with Clio Realty, providing it with the exclusive option to purchase the subject property until April 1, 2016. Pursuant to the lease, the petitioner agreed to pay all real estate taxes on the subject property during the term of the lease. In July 2005, the petitioner applied for a real estate tax exemption on the subject property for the 2006 tax assessment year. The New York City Department of Finance denied the application because legal title to the subject property was not held in the petitioner's name. The petitioner commenced this CPLR article 78 proceeding seeking review of the determination that it does not qualify for a tax exemption under RPTL 420-a.

RPTL 420-a (1) (a) provides that: "Real property *owned* by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section" (emphasis added).

"Tax exclusions are never presumed or preferred and before petitioner may have the benefit of them, the burden rests on it to establish that the item comes within the language of the exclusion" (*Matter of Mobil Oil Corp. v Finance Adm'r of City of N.Y.*, 58 NY2d 95, 99 [1983]). Moreover, a statute authorizing a tax exemption will be construed against the taxpayer and the taxpayer must demonstrate that its interpretation of the statute is not simply "plausible," but that it is "the only reasonable construction" (*Matter of Charter Dev. Co., L.L.C. v City of Buffalo*, 6 NY3d 578, 582 [2006] [internal quotation marks omitted]; *see Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.*, 83 NY2d 44, 49 [1993]).

Assuming the truth of the petitioner's allegations, as we must at this stage of the proceeding (*see Matter of Town of Riverhead v New York State Dept. of Envtl.*, 50 AD3d 811, 813 [2008]; *Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 594 [2005]), the petitioner failed to demonstrate that it is entitled to a tax exemption under RPTL 420-a. In this regard, the petitioner alleged that it entered into a 99-year lease agreement with Clio Realty with respect to the subject property. Further, the petitioner alleged that it has the exclusive option to purchase the subject property until April 1, 2016, and that by exercising the option it can acquire record title to the subject property. Accordingly, the petitioner is a lessee and has yet to acquire legal title to the subject property. The party seeking the tax exemption must hold legal title to the subject property (*see Matter of Charter Dev. Co., L.L.C. v City of Buffalo*, 6 NY3d at 581-582; *Hebrew Free School Assoc. of City of N.Y. v Mayor of City of N.Y.*, 99 NY 488, 490 [1885]; *Young Israel of Far Rockaway v City of New York*, 33 AD2d 561 [1969]; *Matter of Board of Educ. of City of Jamestown v Baker*, 241 App Div 574, 577 [1934], *affd* 266 NY 636 [1935]).

Additionally, the petitioner failed to establish that requiring actual ownership as a prerequisite to qualifying for a tax exemption pursuant to RPTL 420-a violates the Free Exercise Clause of the New York State Constitution (*see* NY Const, art I, § 3; *Catholic Charities of Diocese of Albany v Serio*, 7 NY3d 510, 525 [2006], *cert denied sub nom. Catholic Charities of Diocese of Albany v Dinallo*, 552 US 816 [2007]).

Accordingly, the Supreme Court properly granted the respondents' cross motion pursuant to CPLR 3211 (a) (7) and 7804 (f), and dismissed the proceeding. Florio, J.P., Eng, Belen and Austin, JJ., concur.