# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**961**

**CA 15-00302**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF LEVEL 3 COMMUNICATIONS, LLC
AND BROADWING COMMUNICATIONS, LLC,
PETITIONERS-PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

ERIE COUNTY, CITY OF BUFFALO, CITY OF
LACKAWANNA, VILLAGE OF NORTH COLLINS, CITY
OF LACKAWANNA SCHOOL DISTRICT, EDEN CENTRAL
SCHOOL DISTRICT, LAKE SHORE CENTRAL SCHOOL
DISTRICT AND NORTH COLLINS CENTRAL SCHOOL
DISTRICT, RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP, NEW YORK CITY (JOHN G.
NICOLICH OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.

MOSEY PERSICO, LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR
RESPONDENT-DEFENDANT-RESPONDENT ERIE COUNTY.

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (MAURA C. SEIBOLD OF
COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT CITY OF BUFFALO.

HARRIS BEACH PLLC, BUFFALO (J. RYAN WHITE OF COUNSEL), FOR
RESPONDENT-DEFENDANT-RESPONDENT LAKE SHORE CENTRAL SCHOOL DISTRICT.

HODGSON RUSS LLP, BUFFALO (MICHAEL B. RISMAN OF COUNSEL), FOR
RESPONDENT-DEFENDANT-RESPONDENT NORTH COLLINS CENTRAL SCHOOL DISTRICT.

ANTONIO M. SAVAGLIO, CITY ATTORNEY, LACKAWANNA, FOR
RESPONDENT-DEFENDANT-RESPONDENT CITY OF LACKAWANNA.

SCHAUS & SCHAUS, BUFFALO (RICHARD M. SCHAUS OF COUNSEL), FOR
RESPONDENT-DEFENDANT-RESPONDENT VILLAGE OF NORTH COLLINS.

GOLDMAN ATTORNEYS PLLC, ALBANY (PAUL J. GOLDMAN OF COUNSEL), FOR TOWN
OF RAMAPO, AMICUS CURIAE.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Timothy J. Walker, A.J.), entered November 7, 2014 in a
CPLR article 78 proceeding and a declaratory judgment action. The
judgment dismissed the petition-complaint.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the petition-complaint

is reinstated and granted insofar as petitioners-plaintiffs seek to compel respondents-defendants City of Buffalo and City of Lackawanna School District to determine petitioners-plaintiffs' applications and to annul the remaining respondents-defendants' determinations denying their applications, and the matter is remitted to respondents-defendants for further proceedings in accordance with the following memorandum:  This hybrid CPLR article 78 proceeding and declaratory judgment action concerns taxes imposed upon fiber optic cables by respondents-defendants.  Petitioners-plaintiffs (petitioners), Level 3 Communications, LLC and Broadwing Communications, LLC, its corporate subsidiary, filed applications for correction of the tax rolls for the 2010, 2011 and 2012 tax years.  The applications sought correction of alleged multiple-parcel errors on the ground that no real property tax was due on the subject properties.  In addenda submitted with those applications, petitioners contended that their fiber optic cables did not conduct electricity, and thus those cables were unlawfully entered on the tax rolls because they were not taxable real property within the meaning of RPTL 102 (12) (i).  Respondents-defendants City of Buffalo and City of Lackawanna School District (Lackawanna School District) did not respond, and the remaining respondents-defendants (respondents) denied the applications on the ground that "[v]aluation error[s are] not correctable under [the] RPTL."  Petitioners then commenced this proceeding seeking, inter alia, relief in the nature of mandamus directing the City of Buffalo and the Lackawanna School District to determine the applications, and directing all respondents to remove the subject properties from the tax rolls and to refund the taxes.  They now appeal from a judgment that dismissed the petition-complaint (hereafter, petition).  Supreme Court did not expressly address respondents' determinations that valuation errors may not be corrected by the applications at issue.  Nevertheless, we conclude on the record before us that, by relying on several other grounds in dismissing the petition, the court implicitly concluded that the grounds upon which respondents relied were incorrect.

We agree with petitioners that the court erred in dismissing the petition on grounds different from those on which respondents relied in denying the applications.  It is well settled that "[a] reviewing court, in dealing with a determination . . . which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.  If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [internal quotation marks omitted]; *see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y.*, 16 NY3d 360, 368).  Thus, the court was without power to uphold the administrative determinations on a different basis, no matter how sound that basis may be.

Contrary to petitioners' further contention, however, we may not grant the ultimate affirmative relief requested in the petition, i.e., removal of the subject properties from the tax rolls and a refund of the taxes paid.  The Court of Appeals has noted that courts " 'regularly defer to the governmental agency charged with the

responsibility for administration of [a] statute' in those cases where interpretation or application 'involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom,' and the agency's interpretation 'is not irrational or unreasonable' " (*Matter of Lighthouse Pointe Prop. Assoc. LLC v New York State Dept. of Envtl. Conservation*, 14 NY3d 161, 176, quoting *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459).  We conclude that "this case involves a question concerning the specific application of a broad statutory term, . . . and therefore is one in which the agency which administers the statute must determine it initially" (*Xerox Corp. v Department of Taxation & Fin. of State of N.Y.*, 140 AD2d 945, 946, *lv denied* 72 NY2d 809 [internal quotation marks omitted]), because in such a situation, " 'the reviewing court's function is limited' " (*Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400, *rearg denied* 62 NY2d 943; *see Matter of Easylink Servs. Intl., Inc. v New York State Tax Appeals Trib.*, 101 AD3d 1180, 1181-1182, *lv denied* 21 NY3d 858).

Here, respondents denied petitioners' applications solely on the ground stated above, and thus they did not address the issues upon which the court based its determination.  Although we agree with the court insofar as it implicitly concluded that the ground cited by respondents was incorrect, and that respondents therefore erred in denying the applications on that ground, the deference due to respondents' administrative functions requires that they be permitted to make the initial determination of the remaining issues raised in the applications (*see generally Matter of Nye v Zoning Bd. of Appeals of the Town of Grand Is.*, 81 AD3d 1455, 1456).  We therefore reverse the judgment and grant the petition insofar as it sought to annul respondents' determinations, and we remit the matter to respondents for reconsideration of petitioners' applications, including determining whether the applications are timely and procedurally proper, whether the taxes that petitioners paid may be recovered despite the lack of protest by them (*see Matter of Level 3 Communications, LLC v Essex County*, 129 AD3d 1255, 1256-1257), and whether the fiber optic cables at issue constitute taxable real property within the meaning of the RPTL.

Finally, we further grant the petition insofar as it sought to compel the City of Buffalo and the Lackawanna School District to determine petitioners' applications (*see generally Clostermann v Cuomo*, 61 NY2d 525, 540; *Matter of Matty's W. 49th St. Rest. v New York State Liq. Auth.*, 38 AD2d 815, 815), and we remit the matter to those two respondents to make those determinations.

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court