Matter of Level 3 Communications, LLC v Erie County (2019 NY Slip Op 05913)





Matter of Level 3 Communications, LLC v Erie County


2019 NY Slip Op 05913


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


564 CA 18-01598

[*1]IN THE MATTER OF LEVEL 3 COMMUNICATIONS, LLC, BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING NORTH AMERICA, INC., AND GLOBAL CROSSING TELECOMMUNICATIONS, INC., PETITIONERS-PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
ERIE COUNTY, CITY OF BUFFALO, CITY OF LACKAWANNA, VILLAGE OF NORTH COLLINS, LAKE SHORE CENTRAL SCHOOL DISTRICT, NORTH COLLINS CENTRAL SCHOOL DISTRICT, RESPONDENTS-DEFENDANTS-APPELLANTS-RESPONDENTS, CITY OF LACKAWANNA SCHOOL DISTRICT, AND EDEN CENTRAL SCHOOL DISTRICT, RESPONDENTS-DEFENDANTS-RESPONDENTS. 






LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT-RESPONDENT ERIE COUNTY. 
BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (MAURA C. SEIBOLD OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT-RESPONDENT CITY OF BUFFALO.
RICHARD S. JUDA, JR., CITY ATTORNEY, LACKAWANNA (ANTONIO M. SAVAGLIO OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT-RESPONDENT CITY OF LACKAWANNA. 
HARRIS BEACH PLLC, BUFFALO (MEGHANN N. ROEHL OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT-RESPONDENT LAKE SHORE CENTRAL SCHOOL DISTRICT. 
HODGSON RUSS LLP, BUFFALO (MICHAEL B. RISMAN OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT-RESPONDENT NORTH COLLINS CENTRAL SCHOOL DISTRICT. 
SCHAUS & SCHAUS, BUFFALO (RICHARD M. SCHAUS OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT-RESPONDENT VILLAGE OF NORTH COLLINS.
INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP, NEW YORK CITY (JOHN G. NICOLICH OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS-APPELLANTS. 


 Appeals and cross appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered March 5, 2018 in a CPLR article 78 proceeding and a declaratory judgment action. The order and judgment, inter alia, determined that petitioners' fiber optic cables and inclosures in Erie County are not taxable under RPTL 102 (12) (i) because they fall under the exception contained in RPTL 102 (12) (i) (D). 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by striking the words "would be taxable as real property under RPTL Section 102 (12) (i), barring any exception" from the first decretal paragraph and by inserting in its place the words "are taxable as real property under RPTL 102 (12) (i)," vacating the second through twelfth decretal paragraphs and the included table A, and dismissing the amended consolidated petition, and as modified the order and judgment is affirmed without costs.
Memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a determination that the subject properties, which include fiber optic cables and accompanying equipment (hereafter, fiber optic installations), are not taxable and to compel respondents-defendants Erie County, City of Buffalo, City of Lackawanna, Village of North Collins, Lake Shore Central School District and North Collins Central School District (collectively, respondents) and respondents-defendants City of Lackawanna School District and Eden Central School District (School Districts) to issue refunds of the taxes petitioners paid on the fiber optic installations in certain tax years. Petitioners had submitted applications pursuant to RPTL 556-b to respondents and the School Districts, seeking a refund of the taxes that petitioners paid on the subject properties in the tax years 2010 through 2012, which respondents and the School Districts either denied on procedural grounds or failed to consider. Petitioners then commenced this proceeding/action and, in a prior judgment, Supreme Court (Walker, A.J.) concluded that the properties were taxable pursuant to RPTL 102 (12) (f), which applies, inter alia, to equipment for the distribution of light. On a prior appeal, this Court reversed that determination, concluding that the court had relied on different grounds than those stated by respondents in rejecting the applications (Matter of Level 3 Communications, LLC v Erie County, 132 AD3d 1271, 1273-1274 [4th Dept 2015], lv denied 26 NY3d 918 [2016]). We remitted the matter to respondents and the School Districts for consideration of the remaining issues, including issues relating to the taxability of the properties.
On remittal, respondents and the School Districts again denied the RPTL 556-b applications on the grounds, inter alia, that the fiber optic installations constitute taxable real property within the meaning of RPTL 102 (12) (i), and that the exception in subdivision (D) of that statute did not apply. In addition, petitioners submitted additional RPTL 556-b applications concerning the same fiber optic installations for other tax years, which respondents and the School Districts also denied or declined to consider. Petitioners then filed a "verified consolidated amended petition[-complaint]" (amended petition). The parties stipulated that the amended petition would include challenges to the tax assessments for all of the tax years from the original petition-complaint and also for the tax years for which RPTL 556-b applications were submitted after we remitted to respondents and the School Districts, and that all of the RPTL 556-b applications had been denied on grounds including that the fiber optic installations were taxable property pursuant to RPTL 102 (12) (b), (f) and (i), and that the exception in RPTL 102 (12) (i) (D) did not apply.
Respondents appeal and petitioners cross-appeal from an order and judgment in which Supreme Court (Chimes, J.), among other things, determined that the fiber optic installations constituted taxable property under RPTL 102 (12) (i), but were not taxable under the circumstances presented here pursuant to the exception in subdivision (D). We agree with respondents that the court erred in applying that exception, and we therefore modify the order and judgment accordingly and dismiss the amended petition.
As a preliminary matter, we note that this is properly only a CPLR article 78 proceeding inasmuch as "the relief sought by petitioner[s], i.e., review of respondents' administrative determinations that the subject propert[ies] constitute[] taxable real property, is available under CPLR article 78 without the necessity of a declaration" (Matter of Level 3 Communications, LLC v Chautauqua County, 148 AD3d 1702, 1703 [4th Dept 2017], lv denied 30 NY3d 913 [2018]).
With respect to the issues raised in respondents' appeals, petitioners correctly concede that, after the prior appeal, the Court of Appeals has conclusively determined that "fiber-optic cables are taxable as lines' under [RPTL 102 (12) (i)] despite the fact that they do not conduct electricity" (Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d 594, 608 [2018], rearg denied 32 NY3d 1197 [2019]). Thus, we affirm the order and judgment insofar as it comports with that determination.
We agree with respondents, however, that the court erred in determining that the fiber optic installations are not taxable pursuant to the exception set forth in RPTL 102 (12) (i) (D). In pertinent part, that exception provides that otherwise taxable lines, i.e., fiber optic installations (see T-Mobile Northeast, LLC, 32 NY3d at 608), are not taxable property where they are "used in the transmission of news or entertainment radio, television or cable television signals for immediate, delayed or ultimate exhibition to the public" (RPTL 102 [12] [i] [D]). Respondents concluded that the exception does not apply to petitioners' fiber optic installations. In reaching that conclusion, respondents relied on several factors, including a 2007 opinion by counsel for the State Board of Real Property Services (SBRPS) (11 Ops Counsel SBRPS No. 103 [2007]). There, counsel for SBRPS concluded that the exception applied only to cables that were exclusively or primarily used for the enumerated exempt purposes, and that fiber optic installations such as the ones at issue here constituted taxable property because they were primarily used as part of a cell phone system.
We disagree with respondents that we must defer to the opinion of counsel for SBRPS. In general, " an agency's interpretation of the statutes it administers must be upheld absent demonstrated irrationality or unreasonableness,' but where the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency' " (Lorillard Tobacco Co. v Roth, 99 NY2d 316, 322 [2003]; see Matter of DeVera v Elia, 32 NY3d 423, 434 [2018]; Roberts v Tishman Speyer Props., L.P., 13 NY3d 270, 285 [2009]). Here, we conclude that, inasmuch "[a]s the issue is one of pure statutory interpretation, agency deference is unwarranted" (DeVera, 32 NY3d at 434; see International Union of Painters & Allied Trades, Dist. Council No. 4 v New York State Dept. of Labor, 32 NY3d 198, 215 [2018]). Nevertheless, we reach the same conclusion as respondents with respect to the merits.
Contrary to petitioners' contention, they had the burden of establishing that the subject properties are excluded from taxation. Petitioners contend that subdivision (D) of RPTL 102 (12) (i) is part of the definition of the taxable property, and thus respondents had the burden of establishing that petitioners' properties are taxable property pursuant to the statute. We disagree. As noted above, the Court of Appeals has conclusively stated that "fiber-optic cables are taxable as lines' under" RPTL 102 (12) (i) (T-Mobile Northeast, LLC, 32 NY3d at 609), therefore, the properties at issue are taxable unless one of the statutory exceptions applies. The Court of Appeals has also "held that [t]ax exclusions are never presumed or preferred and before [a] petitioner may have the benefit of them, the burden rests on it to establish that the item comes within the language of the exclusion.' Moreover, a statute authorizing a tax exemption will be construed against the taxpayer unless the taxpayer identifies a provision of law plainly creating the exemption . . . Thus, the taxpayer's interpretation of the statute must not simply be plausible, it must be the only reasonable construction' " (Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 NY3d 578, 582 [2006]; see Matter of Moran Towing & Transp. Co. v New York State Tax Commn., 72 NY2d 166, 172-173 [1988]; Matter of Purcell v New York State Tax Appeals Trib., 167 AD3d 1101, 1103 [3d Dept 2018], appeal dismissed 33 NY3d 999 [2019]). We reject petitioners' contention that a different result is required on the ground that RPTL 102 (12) (i) (D) sets forth an exclusion from the tax rather than an exemption (see generally Matter of Wegmans Food Mkts., Inc. v Tax Appeals Trib. of the State of N.Y., — NY3d &mdash, &mdash, 2019 NY Slip Op 05184, *3 [2019]).
Here, petitioners contend that their fiber optic installations are not taxable property pursuant to RPTL 102 (12) (i) (D) because, inter alia, petitioners use those properties to some unspecified extent to transmit "news or entertainment radio, television or cable television signals for immediate, delayed or ultimate exhibition to the public" (id.). We reject that contention. In light of petitioners' failure to establish the percentage of their fiber optic installations that are used for those purposes, we may accept their contention only if we conclude that any such usage of fiber optic installations, no matter how slight, is sufficient to exclude the properties from the tax. That is not " the only reasonable construction' " of the statute (Charter Dev. Co., L.L.C., 6 NY3d at 582), indeed, it is "simply [not] plausible" (id.). If we accept that interpretation, based on the proliferation of uses of cell phones to stream video, television, and other programming, all fiber optic cables will be excluded from taxation. That, however, conflicts with the Court of Appeals' determination in T-Mobile Northeast, LLC that such property is taxable (32 NY3d at 608). Moreover, RPTL 102 (12) (i) provides that taxable property includes all "wires, poles, supports and inclosures for electrical conductors upon, above and underground used in [*2]connection with the transmission or switching of electromagnetic voice, video and data signals between different entities." Petitioners' interpretation of subdivision (D) will result in all of those items being non-taxable because they all can be used to some minuscule degree to transmit television signals, which would render section 102 (12) (i) meaningless. Therefore, petitioners' interpretation "would . . . violate the well-settled rule of statutory construction that [a] construction rendering statutory language superfluous is to be avoided' " (Matter of Stateway Plaza Shopping Ctr. v Assessor of City of Watertown, 87 AD3d 1359, 1361 [4th Dept 2011], quoting Matter of Branford House v Michetti, 81 NY2d 681, 688 [1993]; see Matter of Monroe County Public School Dists. v Zyra, 51 AD3d 125, 131-132 [4th Dept 2008]). Thus, " the only reasonable construction' " of the statute is that proposed by respondents (Charter Dev. Co., L.L.C., 6 NY3d at 582), to wit, that the fiber optic installations are non-taxable only where they are primarily or exclusively used for one of the exempt purposes in RPTL 102 (12) (i) (A) - (D). Petitioners failed to establish such usage, thus the court erred in concluding that the statutory exception applies.
With respect to the cross appeal, petitioners' "constitutional challenge to RPTL [102 (12) (i)] was not raised in the amended petition, and therefore is not preserved for our review" (Matter of Town of Rye v New York State Bd. of Real Prop. Servs., 10 NY3d 793, 795 [2008]; see Matter of Goldstein v Tax Appeals Trib. of the State of N.Y., 111 AD3d 986, 987 [3d Dept 2013], appeal dismissed 23 NY3d 985 [2014], lv denied 24 NY3d 904 [2014]; Matter of Murtaugh v New York State Dept. of Envtl. Conservation, 42 AD3d 986, 988 [4th Dept 2007], lv dismissed 9 NY3d 971 [2007]). Petitioners' further contention, that the properties at issue are not taxable within the meaning of RPTL 102 (12) (i) because they are enclosures for fiber optic cables that do not conduct electricity, is without merit. That statute "encompasses (when not owned by a local utility) lines, wires, poles, and supports, regardless of whether they are related to the conduction of electricity, as well as inclosures for electrical conductors,' when those items are used in the transmission of data signals across public domain. Thus, [petitioners'] fiber-optic cables are taxable as lines' under the statute despite the fact that they do not conduct electricity" (T-Mobile Northeast, LLC, 32 NY3d at 608). We have reviewed petitioners' remaining contentions on the cross appeal, and we conclude that they are without merit, or are moot in
light of our determination.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court