Matter of Centurylink Communications, LLC v Schmidt (2021 NY Slip Op 06015)





Matter of Centurylink Communications, LLC v Schmidt


2021 NY Slip Op 06015


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

531476
[*1]In the Matter of Centurylink Communications, LLC, et al., Appellants,
v
Michael R. Schmidt, as Commissioner of Taxation and Finance, et al., Respondents, et al., Respondents.

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York City (John G. Nicolich of counsel), for appellants.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for Commissioner of Taxation and Finance, respondent.
Hodgson Russ LLP, Buffalo (Michael B. Risman of counsel), for Chautauqua County and others, respondents.
Roach, Brown, McCarthy & Gruber, PC, Buffalo (Kate L. Hartman of counsel), for Lake Shore Central School District and another, respondents.
Gibson, McAskill & Crosby, LLP, Buffalo (Timothy J. Graber of counsel), for Town of Hamburg, respondent.
Coughlin & Gerhart, LLP, Binghamton (Samuel M. Blakley of counsel), for Town of Union and others, respondents.
Bennett, DiFilippo & Kurtzhalts, LLP, East Aurora (Maura C. Seibold of counsel), for City of Buffalo and another, respondents.
Lippes Mathias Wexler Friedman LLP, Buffalo (James P. Blenk of counsel), for County of Erie, respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (M. Walsh, J.), entered May 13, 2020 in Albany County, which, in a proceeding pursuant to RPTL article 7, among other things, granted certain respondents' motions to dismiss the petition.
Petitioners are affiliated telecommunication companies that own fiber-optic cables and conduits that connect public rights-of-way to private customers in the various towns, villages, cities and counties around the state (hereinafter the local assessing jurisdictions). Such telecommunications services include the transmission of television and cable signals and other data at high rates of speed using light beams. The Real Property Tax Law requires that each year the local assessing jurisdictions assess the value of the local public utility mass real property (hereinafter LPUMRP) within their respective jurisdictions (see RPTL 499-hhhh [1]; 499-jjjj).[FN1] The assessed value of such real property may not exceed the assessment ceiling established by respondent Commissioner of Taxation and Finance (see RTPL 499-kkkk [1]; 499-qqqq [1]). The Commissioner first makes a tentative determination of the ceiling — which is the maximum taxable valuation for the property — and so advises the property owner and local assessing jurisdiction, either of which can then challenge the tentative determination in a hearing (see RTPL 499-oooo [1], [2]). After such a hearing, the Commissioner certifies the final assessment ceiling, which may then be challenged in a proceeding under RPTL article 7 (see RPTL 499-pppp [1], [4]; 700).
In 2019, the Commissioner calculated the tentative assessment ceilings for petitioners' LPUMRP for every local assessing jurisdiction in the state and informed such jurisdictions and petitioners of the ceilings. Included in the assessment ceilings were petitioners' fiber-optic cables and conduits. Petitioners then commenced an administrative proceeding alleging, in essence, that the ceilings should be reduced to zero dollars as the value of petitioners' fiber-optic cables and conduits are not taxable real property and therefore any assessment of them would be unlawful. The Hearing Officer for respondent Department of Taxation and Finance found that the ceilings were not unlawful and recommended no adjustment to the calculations. The Commissioner adopted the Hearing Officer's recommendations and issued final assessment ceilings.
Petitioners then commenced this RPTL article 7 proceeding to challenge the 2019 assessment ceilings and reduce them to zero dollars, which would result in such reduction in the assessed value of their LUMRP and in a refund of their 2019 local property taxes. Several local assessing jurisdictions intervened, joined issue and moved to dismiss the petition asserting, among other things, that the petition failed to state a cause of action. The Commissioner and the Department appeared but did not join issue or move to dismiss. Supreme Court first found that an RPTL article 7 proceeding [*2]was not the proper vehicle to challenge the unlawfulness of assessment ceilings, but nonetheless proceeded to analyze the petition and found that its several claims failed to state a cause of action and dismissed the petition in its entirety. Petitioners appeal.
Initially, we disagree with Supreme Court's decision that RPTL article 7 is not the appropriate vehicle for petitioners to challenge the assessment ceilings. RPTL 499-pppp (4), which sets forth the judicial mechanism by which a property owner may challenge the assessment ceilings calculated by the Commissioner, provides that "[a]ny final determination of an assessment ceiling by the [C]ommissioner . . . shall be subject to judicial challenge by the owner of [LPUMRP] or a local assessing jurisdiction in a proceeding under [RPTL] article [7]," and "[a]ny judicial proceeding shall be commenced in the [S]upreme [C]ourt in the County of Albany." This is what petitioners did here. Moreover, RPTL 524 (2) and 706 provide that the grounds for reviewing an assessment include that the assessment to be reviewed "is excessive, unequal or unlawful or that real property is misclassified." This is also what petitioners did here by asserting that an assessment to their fiber-optic cables and conduits in any amount would be unlawful, as such cables and conduits are not real property subject to taxation (see Turtle Is. Trust v County of Clinton, 125 AD3d 1245, 1246 [2015] ["Under RPTL article 7, a property owner claiming to be aggrieved by an assessment of real property on the basis that the assessment is excessive, unequal or unlawful, or that property is misclassified, may file a petition challenging the assessment."], lv denied 26 NY3d 912 [2015]). Accordingly, the proceeding was properly commenced under RPTL article 7.[FN2]
Petitioners asserted seven causes of action in their petition, the first six of which pertain to the alleged illegality of the Commissioner's ceiling assessment determinations. Petitioners initially contend that their first four causes of action were improperly dismissed because their fiber-optic cables and conduits fall outside the statutory definition of LPUMRP under exclusions set forth in RPTL 102 (12) (i). As a general rule, "when the matter at issue is subject to the taxing statute, but the question is whether taxation is negated by a statutory exclusion or exemption, . . . the presumption is in favor of the taxing power" (Matter of Wegmans Food Mkts., Inc. v Tax Appeals Trib. of the State of N.Y., 33 NY3d 587, 592 [2019] [internal quotation marks and citations omitted]). Indeed, as the Court of Appeals has held, "the burden rests on [the taxpayer] to establish that the item comes within the language of the exclusion. Moreover, a statute authorizing a tax [exclusion] will be construed against the taxpayer unless the taxpayer identifies a provision of law plainly creating the [exclusion]. Thus, the taxpayer's interpretation of the statute must not simply be plausible, it [*3]must be the only reasonable construction" (Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 NY3d 578, 582 [2006] [internal quotation marks and citations omitted]).
As a threshold matter, we note, as did Supreme Court, that the Court of Appeals conclusively determined that "fiber-optic cables are taxable as 'lines' under the statute despite the fact that they do not conduct electricity" (Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d 594, 608 [2018]). Further, the Fourth Department logically and, in our view, properly extended that rule to include "enclosures for fiber[-]optic cables that do not conduct electricity" (Matter of Level 3 Communications, LLC v Erie County, 174 AD3d 1497, 1502 [2019], lv denied 35 NY3d 906 [2020]), such as the conduits at issue here.
With respect to petitioners' first cause of action, they allege that their fiber-optic cables are used, at least in part, to transmit radio and television signals and are therefore exempt from taxation under RPTL 102 (12) (i) (D), which provides that "such property used in the transmissions of news or entertainment radio, television or cable television or signals for immediate, delayed or ultimate exhibition to the public" is exempt from taxation. However, the Fourth Department, the only appellate court to address this issue, has held that such "fiber[-]optic installations are non-taxable only where they are primarily or exclusively used for one of the exempt purposes in RPTL 102 (12) (i) (A)-(D)" (id. at 1501; see Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 NY3d at 582; Matter of Level 3 Communications, LLC v Chautauqua County, 174 AD3d 1502, 1502 [2019], lv denied 35 NY3d 906 [2020]). Significantly, petitioners do not allege that their fiber-optic lines are used primarily or exclusively for the transmission of such radio, television or cable television signals. Although this Court is not bound by the Fourth Department's decision, "if no relevant precedent is available from this Court or the Court of Appeals
. . .[,] we should accept the decisions of a sister Department as persuasive, . . . [unless] we disagree with such Court's legal analysis" (Matter of Wayne Ctr. for Nursing & Rehabilitation, LLC v Zucker, 197 AD3d 1409, 1412 [2021] [internal quotation marks, brackets and citations omitted]). We find the reasoning of the Fourth Department persuasive and practical. As that Court reasoned, a contrary interpretation that would allow a lesser showing of use for radio or television signals might result in an exception that swallows the rule such that "all fiber[-]optic cables will be excluded from taxation. That, however, conflicts with the Court of Appeals' determination in [Matter of] T-Mobile Northeast, LLC that such property is taxable" (Matter of Level 3 Communications, LLC v Erie County, 174 AD3d at 1501).
Initially, Supreme Court correctly applied the Fourth Department's rule in the absence of controlling precedent from this Court or the Court of [*4]Appeals (see Oswald v Oswald, 107 AD3d 45, 47 [2013]). Moreover, petitioners have not met their burden of demonstrating that their reading of the statute is the only reasonable construction (see Matter of Charter Dev. Co., LLC v City of Buffalo, 6 NY3d at 582). Indeed, the Fourth Department's interpretation avoids a loophole that would open the door to mass exclusion from taxation — a result surely not contemplated by the Legislature. Although petitioners challenge this interpretation of the exclusion, petitioners have clearly failed to demonstrate that a contrary construction is the only reasonable construction of the statute; indeed, a contrary interpretation may well lead to the unreasonable result contemplated by the Fourth Department. Accordingly, petitioners' first cause of action was properly dismissed.
With respect to their second cause of action, petitioners allege that the conduits enclosing their fiber-optic cables are not "inclosures for electrical conductors" under RPTL 102 (12) (i) and are therefore not taxable real property. Petitioners would have this Court construe RPTL 102 (12) (i) to be exclusive, and thereby eliminate conduits from the array of public utility mass real property (hereinafter PUMRP) as that section does not specifically list them, and thus ignore the fact that conduits are specifically included as PUMRP in RPTL 499-hhhh (3) — the general definitional section of PUMRP. We reject this approach.
First, to do so would violate a long-standing principle of statutory construction that frowns upon a construction of one section of a statute that renders another section superfluous (see Nostrom v A.W. Chesterton Co., 15 NY3d 502, 508 [2010]; Matter of Level 3 Communications, LLC v Clinton County, 144 AD3d 115, 119 [2016], lv denied 29 NY3d 918 [2017]). Here, in defining PUMRP, RPTL 499-hhhh (3) specifically includes conduits within its scope, along with other items, and indicates that it also includes the property defined in RPTL 102 (12) (i). Significantly, RPTL 499-hhhh (3) does not state that its definition of PUMRP includes and is limited to those items listed in RPTL 102 (12) (d) and (i); rather, it includes those items without any such constriction. Accordingly, the "statutes are not in irreconcilable conflict, but can be harmonized" (Matter of Town of N. Hempstead v County of Nassau, 24 NY3d 67, 76 [2014]) by recognizing the unstated but apparent legislative intent to expand the definition of PUMRP to include conduits as set forth in RPTL 499-hhhh (3) (see Matter of Albany Law School v New York Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120 [2012]; Nostrom v A.W. Chesterton Co., 15 NY3d at 508; Matter of Rubeor v Town of Wright, 134 AD3d 1211, 1212-1213 [2015] [courts should avoid construing a statute that would render one part meaningless]). Moreover, as noted above, the Fourth Department has determined that such enclosures of fiber-optic cable are taxable real property (see Matter of [*5]Level 3 Communications, LLC v Erie County, 174 AD3d at 1501). Indeed, in light of the Court of Appeals determination that electrical conductivity is not the talisman (see Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d at 608), we agree with Supreme Court that the conduits at issue in the instant case are taxable real property even though they are not enclosures for electrical conductors. Accordingly, we affirm Supreme Court's dismissal of the second cause of action and its conclusion that petitioners' conduits are taxable.
Petitioners' third and fourth causes of action rely upon the statutory exclusion for "station connections" (RPTL 102 [12] [i] [A]). This term is not defined in the statute. As a threshold matter, the prime objective for a court in construing a statute is to seek "to determine the Legislature's intention, giving due effect to the plain meaning of unambiguous statutory language" (Matter of Rubeor v Town of Wright, 134 AD3d at 1212). Nonetheless, when a provision excluding properties from a tax is at issue, "the well-settled rule is that[,] if ambiguity or uncertainty occurs, all doubt must be resolved against the [exclusion]" (Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 NY3d at 582 [internal quotation marks, brackets and citation omitted]). In addition, petitioners, as the party seeking the exclusion, bear the burden of proving that the exclusion applies and that their reading of the statute is "the only reasonable construction" (id. [internal quotation marks and citations omitted]). With respect to the exclusion for station connections, the Court of Appeals has held that "this [exclusion] relates to wiring physically connecting customer telephones to telephone poles and does not encompass the equipment at issue here — large outdoor installations including fiber-optic cables and antennas" (Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d at 609). As petitioners do not allege that their fiber-optic cables are used to "physically connect[] customer telephones to telephone poles," Supreme Court correctly held that the station connection exclusion does not apply to petitioners and, therefore, their third and fourth causes of action were properly dismissed.
Petitioners' fifth cause of action alleges that RPTL 102 (12) (i) is unconstitutional based upon its disparate treatment of conduits that enclose coaxial cables as opposed to conduits that enclose fiber-optic cables. Petitioners maintain that there is no rational basis to subject conduits enclosing coaxial cables to taxation, but exclude conduits enclosing fiber-optic cables, as both types of conduits perform essentially the same function. The Commissioner argues that we need not reach the constitutional issue because another statute — RPTL 499-hhhh (3) — includes "conduits" in general within the statutory ambit of PUMRP. As the taxability of conduits is determined by a different statute, and the determination of the constitutional issue is not [*6]absolutely necessary, no constitutional analysis of RPTL 102 (12) (i) is required (see Matter of Clara C. v William L., 96 NY2d 244, 250 [2001]; Matter of Peters v New York City Hous. Auth., 307 NY 519, 527 [1954] ["(I)ssues of constitutionality should not be decided before they need to be."]). We agree. Indeed, we need not reach the constitutional equal protection issue for a more practical reason — we have already held, following the Fourth Department's lead, that conduits used with fiber-optic cables are taxable as PUMRP. Thus, in view of this, the underlying legal basis for petitioners' equal protection argument evaporates. Accordingly, the fifth cause of action was properly dismissed.
Petitioners' sixth cause of action alleges that the Commissioner generates assessment ceilings for petitioners and fiber-optic companies like them, but does not do so for cable television companies, which amounts to selective assessment in violation of equal protection guarantees. Supreme Court rejected petitioners' contention and held that the sixth cause of action failed to set forth a cognizable claim for selective assessment. We agree.
Initially, a municipality may not selectively assess real property without a rational basis (see Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury, 68 AD3d 1374, 1375 [2009]; Matter of Niagara Mohawk Power Corp. v State of New York, 300 AD2d 949, 955 [2002]; Matter of Krugman v Board of Assessors of Vil. of Atl. Beach, 141 AD2d 175, 182-184 [1988]). However, "[t]he Federal and State Constitutions do not prohibit dual tax rates or require that all taxpayers be treated the same. They require only that those similarly situated be treated uniformly. Thus, the creation of different classes for purposes of taxation is permissible as long as the classification is reasonable and the taxes imposed are uniform within the class" (Foss v City of Rochester, 65 NY2d 247, 256 [1985] [citations omitted]). "A classification between taxpayers may . . . violate constitutional equal protection guarantees if the distinction between the classes is palpably arbitrary or amounts to invidious discrimination" (Matter of Sullivan Farms, II, Inc. v Assessor the Town of Mamakating, 179 AD3d 1176, 1176-1177 [2020] [internal quotation marks and citations omitted]). In addition, selective assessments will violate equal protection guarantees when they "permit similarly situated properties to be taxed unequally with no demonstration that the unequal treatment is rationally related to the achievement of a legitimate governmental purpose" (Matter of Niagara Mohawk Power Corp. v State of New York, 300 AD2d at 955 [internal quotation marks, brackets and citation omitted]).
With respect to the assessment ceilings set by the Commissioner, petitioners do not allege any facts to show that this alleged different treatment of setting assessment ceilings for them and not cable companies amounts to invidious discrimination or is palpably arbitrary[*7]. Indeed, the Commissioner's action in setting assessment ceilings for petitioners and entities similarly situated actually redounds to their benefit; the local assessing authorities may not exceed that ceiling, whereas if no assessment ceiling is afforded to cable companies, then they are afforded no such protective limitation. Moreover, petitioners do not set forth factual allegations to support the assertion that such disparate treatment lacks a rational relationship to a legitimate governmental purpose (see id. at 955). Accordingly, Supreme Court properly dismissed petitioners' sixth cause of action.
In light of this Court's decision affirming the dismissal of petitioners' first six causes of action, their seventh cause of action seeking a refund of property taxes falls of its own weight and was also properly dismissed. We have reviewed the parties' remaining contentions and find them unpersuasive.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Public utility mass real property is defined as "real property, including conduits, cables, lines, wires, poles, supports and enclosures for electrical conductors located on, above and below real property, which is used in the transmission and distribution of telephone or telegraph service, and electromagnetic voice, video and data signals" and includes "all property described in" RPTL 102 (12) (d) and (i) (RPTL 499-hhhh [3]). Put simply, LPUMRP is the public utility mass real property located in a particular local assessing jurisdiction. (see RPTL 499-hhhh [1]).

Footnote 2: Supreme Court's related holding that a proceeding such as the one brought by petitioners can only be brought in each local assessing jurisdiction is both contradicted by the language of the statute, which provides for a proceeding in Albany County as the first option, and would lead to piecemeal litigation and possibly contradictory results that would undermine the goal of a uniform statewide assessment ceiling (see Assembly Introducer's Mem in Support, Bill Jacket L 2013, ch 475 at 10; Division of Budget Mem, Bill Jacket L 2013, ch 475 at 13).