Matter of Park Row 23 Owners LLC v Jiha (2026 NY Slip Op 00586)

Matter of Park Row 23 Owners LLC v Jiha

2026 NY Slip Op 00586

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, O'Neill Levy, JJ. 

Index No. 157547/19 |Appeal No. 5742|Case No. 2024-05569|

[*1]In the Matter of Park Row 23 Owners LLC, Petitioner-Appellant,
vJacques Jiha etc., Respondent-Respondent.

The Grun Law Group, PC, New York (Ari Grun of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (John D'Baptist of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about July 15, 2024, which denied the petition seeking to vacate or annul an April 5, 2019 determination of respondent Jacques Jiha, as Commissioner of the New York City Department of Finance (DOF), that petitioner's real property was not eligible for Industrial and Commercial Abatement Program (ICAP) benefits, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Statutes setting forth tax exclusions are construed in favor of the taxing authority (see Matter of Mobil Oil Corp. v Finance Adm'r of City of N.Y., 58 NY2d 95, 99 [1983]). "An exemption from taxation must clearly appear, and the party claiming it must be able to point to some provision of law plainly giving the exemption" (see Matter of Grace v New York State Tax Commn., 37 NY2d 193, 196 [1975] [internal quotation marks omitted]). Thus, to challenge the DOF determination, "[petitioner]'s interpretation of the statute must not simply be plausible, it must be the only reasonable construction" (see Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 NY3d 578, 582 [2006] [internal quotation marks omitted]).
RPTL 489-bbbbbb(3)(f)(iii)(a), the section of the statute setting forth the special eligibility requirement (SER) for qualification under ICAP, does not define the term "building or structure." We find that DOF's interpretation of the term as referring to an entire building, and not, as petitioner contends, to just the commercial portion or to individual tax lots the building is located on, is reasonable and may not be disturbed (see Matter of Charter Dev. Co., 6 NY3d 578 at 582). Accordingly, DOF had a rational basis for denying the application, since petitioner failed to meet the requirements of the SER under DOF's interpretation.
We reject petitioner's argument that DOF should be equitably estopped from denying its application, since estoppel may not be used to ratify administrative error (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282 [1988]). This is especially so here, where petitioner is a sophisticated party and, with reasonable due diligence, could have ascertained that the DOF representative, whose emails to petitioner's representative were facially vague and confusing, was not setting forth a reliable opinion (see id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026